## NEW YORK, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* ROPER ET AL.

[No. 21,884. Filed November 24, 1911.]

1. RAILROADS.—*Setting Fires.—Complaint.*—A complaint, alleging that defendant railroad company negligently permitted dry grass and combustible material to accumulate and remain on its right of way, that defendant, in operating its locomotives, set fire to such materials, that defendant negligently permitted such fire to escape upon plaintiff's land, burning his house, without any negligence upon his part, is sufficient on demurrer. p. 499.

2. RAILROADS.—*Setting Fires.—Instructions.—Showing Harmless by Interrogatories.*—The refusal to instruct that the plaintiff could not recover for the loss of his house, alleged to have been burned by the escape of fire from defendant railroad company's right of way, unless it was shown that defendant set the fire on such right of way, even if erroneous, is rendered harmless by answers to interrogatories to the jury, stating that such fire was set by such company. p. 500.

3. RAILROADS.—*Setting Fires.—Notice.—Instructions.*—In an action against a railroad company for permitting fire to escape from its right of way, destroying plaintiff's house, an instruction that defendant would not be liable unless it was proved that it had knowledge of such fire on its right of way, or of the spreading thereof, prior to the destruction of plaintiff's house, was properly refused, where the fire on the right of way was set by defendant's locomotive. p. 500.

4. RAILROADS.—*Setting Fires.—Care.—Instructions.*—The refusal of an instruction that if defendant railroad company's right of way at the place where the fire originated that spread and destroyed plaintiff's house was reasonably clean and free from combustible materials defendant would not be guilty of negligence, is not harmful, where the court instructed that if the company used a reasonable amount of active vigilance in keeping its right of way clear of combustible material and exercised such care as a reasonably prudent man would exercise in preventing fires on his own premises from escaping to the premises of others, it would not be liable. p. 501.

5. RAILROADS.—*Setting Fires.—Escape of Fire from Rights of Way.—Defective Spark-arresters.—Instructions.*—Where the only negligence alleged was defendant railroad company's conduct in permitting combustibles to remain upon its right of way and in

permitting fire to escape therefrom, it is proper to refuse an instruction concerning defendant's duty as to spark-arresters. p. 501.

6. INSURANCE.—*Subrogation.*—*Railroads.*—*Setting Fires.*—An insurance company that has paid its policy on a building destroyed by a railroad company's negligence, is subrogated to the rights of the assured as against such railroad company; and if the loss is greater than the amount of insurance, assured may recover the excess from the railroad company. p. 502.

7. RAILROADS.—*Setting Fires.*—*Evidence.*—*Circumstantial.*—In an action against a railroad company for the burning of plaintiff's house, evidence that immediately after defendant's train passed fire was seen on the right of way, supports a verdict for the plaintiff that the defendant started the fire, since facts may be shown by circumstantial as well as by direct evidence. p. 502.

8. RAILROADS.—*Setting Fires.*—*Contributory Negligence.*—*Instructions.*—*Invading Province of Jury.*—An instruction, in an action against a railroad company for burning plaintiff's house that if plaintiff used such an amount of active vigilance as a reasonably prudent person would under the circumstances, as detailed in the evidence, he would not be guilty of contributory negligence, but if he did not use such an amount he would be guilty of such negligence, does not invade the province of the jury. p. 503.

9. INTEREST.—*When Allowable in Tort.*—*Railroads.*—*Burning Property.*—*Damages.*—In an action against a railroad company for burning property, the verdict, if against the defendant, should include interest from the time of such loss. p. 503.

10. DAMAGES.—*Measure of.*—*Destruction of Property.*—*Railroads.*—*Setting Fires.*—*Tender.*—In an action against a railroad company for burning a house the measure of damages is the market value of the house at the time it was destroyed, and legal interest thereon until the time of trial, where no tender, nor offer to confess judgment, was made. p. 508.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by George W. Roper against the New York, Chicago and St. Louis Railway Company and another. From a judgment for plaintiff, defendant railway company appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Walter Olds* and *John H. Clarke,* for appellant.

*W. J. McAleer* and *Joseph H. Conroy* for appellee George

W. Roper, and *C. B. Tinkham* for appellee Farmers Mutual Fire Insurance Company.

MORRIS, J.—Appellee Roper brought this action against appellant for damages for the alleged negligent destruction of a house by fire. Said house was insured in the Farmers Mutual Fire Insurance Company of Lake county, for $800. The insurance company paid Roper this amount, and filed its cross-complaint in this action to recover the amount paid, with interest.

The cause was tried by a jury, and a verdict returned for appellee Roper for $1,700, and $204 interest. There was a finding that appellee insurance company should be subrogated to the rights of plaintiff Roper in the sum of $800, and for the further sum of $88, as interest thereon. From a judgment on the verdict this appeal is prosecuted by the railroad company. It is contended by appellant that the circuit court erred in overruling a demurrer to the amended complaint, because actionable negligence is not alleged therein.

The complaint alleges that plaintiff Roper was the owner of a dwelling-house on a tract of land upon which defendant's right of way was located, over which it ran its locomotives and cars; that defendant had negligently permitted dry grass and combustible material to accumulate on the right of way near said plaintiff's real estate; that defendant, in operating its locomotives and cars on the right of way near said plaintiff's land, did, by sparks and fire emitted from its locomotive, set fire to the combustible material that it had negligently permitted to remain on its right of way; that defendant negligently permitted the fire so started upon its right of way to escape therefrom, and to pass over said plaintiff's real estate to his dwelling-house, and to ignite it, and as a result thereof the house was totally destroyed; that the proximate cause of the burning of the house was the negligence of defendant

in permitting the combustible material to be on the right of way, and in permitting the fire to escape therefrom; that said plaintiff was free from any fault or negligence that contributed to the injury. This is a sufficient allegation of negligence to repel a demurrer. *Wabash, etc., R. Co.* v. *Johnson* (1884), 96 Ind. 40; *Baltimore, etc., R. Co.* v. *O'Brien* (1906), 38 Ind. App. 143; *Pittsburgh, etc., R. Co.* v. *Wise* (1905), 36 Ind. App. 59.

Appellant claims that the circuit court erred in refusing certain requested instructions, the purport of which was to inform the jury that said appellee could not recover,

2.    unless the evidence established the fact that the company set fire to the combustible material on the right of way, and that this error was not cured by any instruction given.

On the other hand, appellee Roper insists that if there was any error in respect to this question, it was harmless.

Certain interrogatories were submitted by the court to the jury. The jury finds in its answer to the seventh interrogatory that the fire that destroyed the dwelling was caused by sparks from appellant's engine, and in its answer to the eighteenth interrogatory it finds that the fire originated on appellant's right of way. It thus appears that if error be conceded, it was harmless because of the affirmative showing of facts by answers to interrogatories. *Ellis* v. *City of Hammond* (1901), 157 Ind. 267; *Nichols* v. *Central Trust Co.* (1909), 43 Ind. App. 64.

It is urged that the court erred in refusing to give appellant's requested instruction number two. This instruction was drawn on the theory that appellant would not

3.    be liable, unless it had been proved that it had knowledge, prior to the burning of the building, that there was fire on the right of way, and that it was spreading. Where the fire originates on the right of way and is caused by sparks from the locomotive, it is not necessary that the employes of the company should have knowledge or notice

of its existence. *Pittsburgh, etc., R. Co.* v. *Indiana Horse-shoe Co.* (1900), 154 Ind. 322.

Appellant maintains that the court erred in refusing to give a requested instruction informing the jury, in substance, that if it found that appellant's right of way at the place where the fire originated was reasonably clean and free from combustible material, it would not be guilty of negligence. Instruction twelve, given by the court, is as follows: "If the railroad company used a reasonable amount of active vigilance in keeping its right of way clean and free from weeds, grass, leaves, brush and other combustible matter, then it discharged its duty, and by this rule is meant that it is not incumbent upon, and the law does not require, a railroad company to keep its right of way absolutely free from leaves, weeds, grass and other. articles that will burn. It does require it to exercise and use reasonable care in efforts to perform this duty, and reasonable care in this behalf is such care as a reasonably prudent man would exercise in preventing fires on his own premises and in preventing fires from igniting on his own premises and escaping thence to the lands of others. In other words, neither a railroad company nor an individual is required to guard that which may not be reasonably anticipated to occur." This instruction was fully as favorable to appellant, on this question, as was the requested instruction.

Error is assigned because the lower court failed to instruct the jury, as requested by appellant, on the subject of the measure of its duty with reference to equipping its engines with spark-arresters, and operating its engines.

The complaint does not charge any negligence in this matter, and the court properly charged that the only negligence alleged was in permitting combustible material to accumulate and remain on the right of way, and in permitting fire, ignited therein, to escape from the right of way to said plaintiff's land and cause the

loss. There was no error in refusing to give the requested instruction.

Appellant has assigned as error the refusal of the trial court to give certain requested instructions relating to the right of the insurance company to be subrogated to 6. the rights of the insured. Counsel assert that inasmuch as the insurer cannot defend against the amount due on a fire policy because the fire was caused by the negligence of the insured or that of a third party, it ought not recover from a third party whose negligence caused the fire. Counsel concede the effect of former decisions of this court, but maintain that they are erroneous. It is settled by the decisions of the courts of appeal of this State, that where an insurance company pays the insured for a loss caused by the negligence of a railway company in burning the property insured, such payment amounts to an equitable assignment of so much of the claim of the one insured against the railroad company, and subrogates the insurance company to the rights of the assured; and if the loss is greater than the amount of insurance, the insured may recover the excess from the railway company. *Phenix Ins. Co.* v. *Pennsylvania R. Co.* (1893), 134 Ind. 215, 20 L. R. A. 405; *Lake Erie, etc., R. Co.* v. *Hobbs* (1907), 40 Ind. App. 511; *Pittsburgh, etc., R. Co.* v. *German Ins. Co.* (1909), 44 Ind. App. 268. This court is not inclined to overthrow the doctrine announced in the cases just cited.

It is earnestly contended that the evidence is insufficient to sustain the verdict, because there is no evidence that the fire was started by appellant. The wife of the tenant who occupied the house that was burned, testified 7. that she saw the noon train pass, and "right after it passed" she saw the fire on the right of way.

Facts may be established by circumstantial, as well as by direct, evidence. We cannot say that the jury was not warranted in finding that the fire was caused by sparks from the passing locomotive.

The court on its own motion instructed the jury as follows: "If plaintiff and defendant insurance company used such an amount of active vigilance as a reasonably prudent person would under the circumstances, as detailed in the evidence, to protect his own, they are not guilty of contributory negligence. If, on the contrary, they did not so use such an amount of active vigilance as a reasonably prudent person would use under the circumstances detailed in evidence to protect his own, they are guilty of contributory negligence."

It is claimed that said instruction was erroneous, because it invades the province of the jury by stating, in effect, "that if these parties exercised such an amount of active vigilance, as detailed in the evidence, to protect their own, they are not guilty of contributory negligence." The instruction is not justly chargeable with this construction. The jury would not have been warranted in taking the instruction as an indication of the court's opinion as to the weight of any evidence given, but only as defining the duty of plaintiff Roper and the insurance company, and measuring that duty by the vigilance that a reasonably prudent person would exercise under the circumstances disclosed by the evidence.

The court, on its own motion, instructed the jury as follows: "If you find from the evidence in this case that the plaintiff is entitled to recover from the defendant railroad company, you will fix the value of said house at the time of the fire. Compensatory damages only may be given. The then present value of said house was the amount in cash it was reasonably worth in the market at that time and at that place; not necessarily what it would cost to erect a new house; but, taking into consideration the evidence which has been detailed to you regarding the fair cash value of said house, its condition, age and situation, what was its fair cash market value at that time? Then if you find that the plaintiff is entitled to recover, he is en-

titled to recover such fair cash market value, to which the jury may, in its discretion, allow interest at the legal rate of six per cent per annum, and out of the sum which plaintiff recovers, provided he does recover, the defendant insurance company is entitled to be allowed the amount which it has paid by reason of its insurance policy thereon, if it recovers at all, to which you may allow interest in your discretion, as before stated.''

The jury found the value of the house at the time of the fire to be $1,700, and returned a verdict for that amount, together with interest thereon at six per cent. Appellant reserved the proper exception to the giving of the instruction, and also filed its motion to modify the judgment by eliminating therefrom the allowance for interest, which motion was overruled and proper exceptions reserved.

It is vigorously maintained by appellant that in an action for the negligent destruction of property, the measure of damages is the value of the property destroyed at the time of the accident, and interest thereon is not properly allowable; that the allowance of interest is purely a creation of statute, and as our statute provides only for interest in actions arising out of contract, the right to recover interest in actions for tort is necessarily excluded. Counsel for appellant discuss the Indiana decisions on this subject, and condemn some as unsound, and contend for a limitation on the effect of others.

The taking of interest was viewed with great disfavor in early times, and was prohibited by the Mosaic law and by the old English laws. It was condemned by the Church, and was punished by the state with fine and forfeiture, but finally, in 1545, it was sanctioned in England by the acts of 37 Henry VIII, Chapter 9. 22 Cyc. 1471. At the present time the allowance of interest in matters of contract is regulated by statute in practically all the American states.

It may be conceded that the Indiana statute regulating interest deals only with judgments and matters arising out

of contract, and if the allowance of interest in this case depends on the provisions of our statute, appellant's contention must prevail. §§7950-7957 Burns 1908, §§5198-5205 R. S. 1881. But in many jurisdictions it is held that while interest *eo nomine* may not be allowed in the absence of a statutory provision, it may be assessed as damages where the statute is silent. 22 Cyc. 1476. The general rule, supported by the great weight of American authority, is that in cases of torts to property, interest on the damages may be allowed as a part of the damages, and as an approximately uniform measure of compensation. 22 Cyc. 1502.

In the case of *Pittsburgh, etc., R. Co.* v. *Swinney* (1884), 97 Ind. 586, it was held by this court that in ascertaining the damages for a trespass to lands and removing material therefrom, the jury may add to the value of the material taken, interest thereon at six per cent. The court, after reviewing many authorities, uses this language: "What has been said by Sedgwick and other textwriters, as above, on the subject of the assessment of damages in actions of trover and trespass *de bonis asportatis*, applies as well to the case at bar, and has the support of what we regard as the undoubted, if not the overwhelming, weight of authority."

The rule adopted in the case of *Pittsburgh, etc., R. Co.* v. *Swinney, supra*, was followed by the Appellate Court in the case of *Chicago, etc., R. Co.* v. *Barnes* (1891), 2 Ind. App. 213, the court saying: "Where, in an action of tort, damages not exemplary are found to be due the plaintiff, the jury trying the cause may, in its discretion, add interest to the sum which it finds, to represent the loss."

In the case of *Wabash R. Co.* v. *Williamson* (1891), 3 Ind. App. 190, the Appellate Court approved an allowance of interest as a part of the damages for the killing of cattle.

In the case of *New York, etc., R. Co.* v. *Zumbaugh* (1895), 12 Ind. App. 272, it was held in a statutory action for damages for killing stock, where the statute expressly limited

the amount of recovery to the value of the stock killed, that interest is not recoverable.

In the case of *Fell* v. *Union Pac. R. Co.* (1907), 32 Utah 101, 88 Pac. 1003, 28 L. R. A. (N. S.) 1, the action was for injury to live stock. In the course of its opinion the court said: "The allowance of interest in cases of torts to property is in harmony with the trend of modern authority. It is quite true that there are cases against this rule, but they are not, as we conceive, based on either good reason or good logic. * * * Is there any reason why a person sustaining injury and damage to his property from the negligent act of another should not receive just what he has lost as nearly as this may be accomplished in a court of justice? If a person's property is destroyed or damaged, why is he not entitled to be compensated to the full extent of its value in money, so that he may replace the same with other property of a like nature? If on the day of its injury or destruction he restores or replaces it with his own money, why is he not entitled to interest on that money to the date of repayment? If he had loaned the money to someone, he certainly would be entitled to interest, and, if he borrowed it from someone, he would likely have to pay interest for its use. By being awarded legal interest, therefore, he is simply placed in *statu quo,* and nothing short of this is full compensation, and that is just what the law aims to accomplish. Is it an answer to say that the damages are unliquidated, and therefore interest is not to be allowed? This, to our minds, is no reason at all in case of injury to or destruction of property. In all such cases the party sustaining the loss is limited in his recovery to the market or actual value of the property at the time of the injury or destruction. Moreover, he must establish the amount of the loss by some fixed rule or standard, and the evidence must be confined thereto, and either the court or jury must find the value in accordance with the evidence. In the class of cases, therefore, where the damage is complete, and the amount of

the loss is fixed as of a particular time, there is—there can be—no reason why interest should be withheld merely because the damages are unliquidated. There are certain cases of unliquidated damages where interest cannot be allowed. In all personal injury cases, cases of death by wrongful act, libel, slander, false imprisonment, malicious prosecution, assault and battery, and all cases where the damages are incomplete and are peculiarly within the province of the jury to assess at the time of the trial, no interest is permissible. But this is so because the damages are continuing and may even reach beyond the time of trial. There are also other cases where interest is not allowed, such as where exemplary damages are permitted, where the statute fixes a penalty or determines the damages to be allowed.  *  *  *  General justice is never promoted by an effort to reach it by ignoring sound principles of law in particular cases. Whenever possible, it ought not be left to the mere caprice of either court or jury to either grant or withhold that which is due. A fixed rule, when based on sound principles, is, in most instances, a safer guide than the judgment of a few individuals, however honest or pure their motives.  *  *  *  The true test to be applied as to whether interest should be allowed before judgment in a given case or not is, therefore, not whether the damages are unliquidated or otherwise, but whether the injury and consequent damages are complete and must be ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value, which the court or jury must follow in fixing the amount, rather than be guided by their best judgment in assessing the amount to be allowed for past as well as for future injury, or for elements that cannot be measured by any fixed standards of value.''

The case last quoted from, as reported in 28 L. R. A. (N. S.) 1, is carefully annotated, and the trend of American authority appears to incline to the allowance of interest in case of torts to property as a convenient and ap-

proximately just method of awarding compensation. However, in Missouri, and one or two other states, the rule has been rejected.

In the following cases of negligent destruction of property by fire, interest has been allowed either *eo nomine,* or as damages. *Regan* v. *New York, etc., R. Co.* (1891), 60 Conn. 124, 22 Atl. 503, 25 Am. St. 306; *Burdick* v. *Chicago, etc., R. Co.* (1893), 87 Iowa 384, 54 N. W. 439; *Lucas* v. *Wattles* (1882), 49 Mich. 380, 13 N. W. 782; *Union Pac. R. Co.* v. *Ray* (1896), 46 Neb. 750, 65 N. W. 773; *Whitbeck* v. *New York, etc., R. Co.* (1862), 36 Barb. 644; *Pacific Express Co.* v. *Lasker Real Estate Assn.* (1891), 81 Tex. 81, 16 S. W. 792; *Chapman* v. *Chicago, etc., R. Co.* (1870), 26 Wis. 295, 7 Am. Rep. 81; *Eddy* v. *LaFayette* (1892), 49 Fed. 807, 1 C. C. A. 441; *Albany, etc., R. Co.* v. *Wheeler* (1909), 6 Ga. App. 270, 64 S. E. 1114; *Louisville, etc., R. Co.* v. *Fort* (1903), 112 Tenn. 432, 80 S. W. 429; *Ainsworth* v. *Lakin* (1902), 180 Mass. 397, 62 N. E. 746, 57 L. R. A. 132, 91 Am. St. 314.

All authorities agree that in actions of this character the measure of damages is compensation, and the basis thereof is the value of the property destroyed, to be fixed as of the date of its destruction. But, however diligent the courts and parties may be, in many cases long delays inevitably result by reason of the illness and death of parties and witnesses, and for many other reasons that are universally conceded to be sound. Either party has a right to appeal to a court of review, and often the cause must be reversed by the court of appeals, in which case the judgment of the court below is vacated. In this case the destruction of the property occurred in May, 1906. If this judgment were reversed, and the cause remanded for a new trial, and at such trial the recovery should be limited to the value of the property destroyed, the plaintiff could not be fully compensated, yet, except when the amount of recovery is so limited by statute, the law declares the rule of full

compensation. Surely the law ought not to hold out to a tort feasor a premium on delay. It may be said that in cases of this kind, pending the rebuilding of the destroyed structure, the more logical rule of measurement would be the value of the use of the property of which the owner is deprived. Practically, however, the rule would be difficult of application, because frequently there would be no standard by which witnesses could determine the value of the use, and the estimates of witnesses would be mere speculations, with the inevitable result of great abuse. Besides, the more complicated the issues submitted to the jury, the greater is the danger of error; and, moreover, trials of issues of fact should not be prolonged unless some substantial need therefor exists. The end sought is the same as in many causes arising out of the breach of contracts—compensation. Why may not the courts adopt the same rules by which the same end is reached? It seems to us that fixing the compensation at the value of the destroyed property, at the time of its destruction, and in addition thereto the legal rate of interest from the time of the destruction to the day of trial, more nearly approximates justice than any rule that has been recognized, and has, besides, the merit of certainty and simplicity.

Nor do we believe that in cases of this character, where the value can be ascertained by fixed rules, the allowance of interest on the ascertained value of the property should be discretionary with the jury. The law dispenses no favors, and jurors should mete out equal and exact justice, and should not have the right to allow or refuse interest as one of the elements of just compensation. But in fixing the amount of damages in cases of this character they should be instructed to find the value of the destroyed property as it was on the date of the destruction, and to that amount add interest thereon at the rate of six per cent per annum. *Fell v. Union Pac. R. Co., supra; Wilson v. City of Troy* (1892), 135 N. Y. 96, 32 N. E. 44, 31 Am. St. 817, 18 L. R. A. 44a

While the jury in the case at bar was instructed to allow interest, in its discretion, the record shows that it did allow interest, and appellant's rights were not thereby violated.

Of course it does not follow that said rule would apply to personal injury cases, cases of death by wrongful act, libel, false imprisonment, and cases where there is no standard of market or other value by which to measure the damages; nor could it have application to cases where punitive damages may be assessed, nor to those where the amount of recovery is fixed by statute, but does apply to actions *ex delicto* for the destruction of or injury to property.

The rule declared here is subject to the provisions of our statutes in regard to tender, and in regard to offers to confess judgment before trial. §§538, 598 Burns 1908, §514 R. S. 1881, Acts 1899 p. 101.

It may be suggested that the allowance of interest as a part of the damages should be limited to the date of the demand, and that to allow interest before that time is to make the rule of compensation broader than is given by statute in case of accounts. The suggestion is not without merit, but usually the wrongdoer knows of the destruction of or injury to property before the owner does, and in jurisdictions where interest is allowed it is uniformly given from the time of the injury or destruction, and, in our opinion, this rule is preferable. 22 Cyc. 1546, and cases cited.

There is no prejudicial error in the record. Judgment affirmed.