**SCOTCO, INC., Plaintiff-Appellee,**

v.

**DORMEYER INDUSTRIES, a division of A. F. Dormeyer Corporation, Defendant-Appellant.**

No. 16597.

United States Court of Appeals
Seventh Circuit.

Oct. 29, 1968.

I. Harvey Levinson, Melvin E. Levinson, Chicago, Ill., for appellant.

Stanley H. Matheny, Huntington, Ind., Warren Buchanan, Rockville, Ind., Carlson, Spencer, Matheny & McIntosh, Huntington, Ind., for appellee.

Before KILEY, SWYGERT and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

This diversity action is for recovery of the sales price of four different molds alleged to have been manufactured by the plaintiff for the defendant. The district court, sitting without a jury, allowed the sales price of two orders of molds and the value of a third mold 80% completed. Judgment was entered for the plaintiff in the amount of $11,925.00, plus interest in the amount of $1,073.25. We affirm.

Dormeyer Industries received a contract for manufacture of certain devices designed to change electrical energy to mechanical energy. A vital part of the process is an energizer coil. This is a non-metallic bobbin around which is coiled a conducting wire attached to terminals. The unit is enclosed in a capsule, also made of a non-metallic substance. Dormeyer proposed to produce the energizer coil by means of molds which permit instant mechanical fabrication of the bobbin and its instant encapsulation.

The plastic molds, subject of this suit, are blocks of high-grade steel having heaters and a venting system. The molds are placed upon bases which fit into a press, and pre-heated liquid or semi-liquid plastic (raw material) is sent through a runner system into a cavity in the mold by means of the press which forces the pre-heated plastic material into the cavity.

At the trial, the defendant asserted as defenses that the molds produced by the plaintiff were unfit for defendant's use; that plaintiff failed to produce the molds in accordance with defendant's specifications; and that plaintiff failed to deliver the molds within the time specified by the contract. The district court found, however, that the molds, as originally shipped, did not meet specifications but that the plaintiff, after consultation with and agreement of defendant, made the necessary modifications. Accordingly, it granted judgment for plaintiff, but did not allow plaintiff to recover the costs incurred while modifying the molds to meet the original specifications.

Defendant contends here that the trial court erred in finding that the molds, as modified, properly met specifications. At the trial, it introduced testimony that the molds caused excessive flash on the molded product, that the runners in the molds were inadequate, that the molds had no provision for allowing entrapped air to escape, that the family encapsulation molds [1] were not properly interchange-

---

1. A family mold is one which has a common base into which there can be inserted a number of different mold cavities in various combinations. This allows production of different molded parts simultaneously. It also permits easy changing of individual mold cavities while the common base is still on the press.

able, and that there was difficulty in removing the molded products from the molds. The plaintiff, on the other hand, introduced testimony that these defects were substantially corrected, and that many of defendant's problems were caused by the defendant's own employees.

■ Although the court did not expressly find that these molds met defendant's specifications, this finding is presupposed since the court allowed recovery for the price of the molds. That finding should not be disturbed, unless it is clearly erroneous. It was made after hearing conflicting testimony from various witnesses for both the plaintiff and the defendant, and to a great extent depended on credibility determinations. In non-jury cases where the trial judge is the finder of fact, a large amount of discretion should be given to the trial court, in determining credibility. Rule 52(a) Fed.R.Civ.P. (1966). See 5 Moore, Federal Practice ¶52.03[1] (1968).

■ We hold that the district court was well within its discretion in finding that the molds met defendant's specifications, and we therefore affirm its finding.

■ Defendant argues that plaintiff breached the implied warranties of quality and fitness imposed on a seller of goods under Burns, Indiana Stat. 58–115 (1961) with respect to certain molds. It argues that under Burns, Indiana Stat. 58–507 (1) (a) (1961) it is entitled to a recoupment of the purchase price.[2] However, there is sufficient evidence in the record to sustain the district court's finding that both the design and performance of these molds were approved by the defendant's agent, Mr. Scofield, after any defects should have been discovered.

■ The molds were delivered on January 13, 1964. On May 7, 1964, Mr. Scofield wrote to the defendant's general manager, Mr. A. R. Dormeyer, that the molds were producing satisfactory parts. A fair reading of this letter indicates that Mr. Scofield had accepted the molds, although he did not consider them to be of excellent quality. After a buyer has approved a product, he cannot thereafter maintain an action for breach of warranty unless he can establish that his examination prior to approval did not reveal some latent defects in the product. Although defendant did produce some evidence of hairline cracks in the molded parts, we think that it has failed to carry its burden of proof that these cracks were latent defects in the molded parts that a reasonable inspection would not have revealed. Moreover, the trial judge was entitled to resolve in plaintiff's favor the conflict in testimony as to whether defendant's own carelessness caused the hairline cracks. We hold that defendant's approval of these molds bars a recoupment on a theory of breach of warranty. See Intrastate Credit Serv., Inc. v. Pervo Paint Co., 236 Cal.App.2d 547, 46 Cal.Rptr. 182 (1965); Kirk v. Stineway Drug Store Co., 38 Ill.App.2d 415, 187 N.E.2d 307, 6 A.L.R.2d 1 (1963); Whybark Co. v. Haley, 37 Ill.App.2d 22, 184 N.E.2d 798 (1962); Rayl v. General Motors Corp., 121 Ind.App. 608, 101 N.E.2d 433, 435 (1951).

■ We see no merit in defendant's further contention that Mr. Scofield did not have authority to approve the design and performance of the molds. The evidence clearly shows that he was, at the times he approved the molds, an employee of the defendant. Moreover, certain purchase orders which contained defendant's letterhead at the top expressly stated that the design and performance of the molds covered by those orders had to be approved by Mr. Scofield. This is a clear expression of authority in the name of the defendant-principal that

---

2. These sections from the Uniform Sales Act were repealed, effective July 1, 1964, by the Uniform Commercial Code, enacted generally in Burns, Indiana Stat. 19–1–101 et seq. (1964). Since the goods were delivered before the enactment of the Uniform Commercial Code, the Indiana provisions of the Uniform Sales Act govern in this case.

Mr. Scofield had the authority to approve the molds.

■ The defendant argues that it should not have had interest assessed against it from February 1, 1966. Burns, Indiana Stat. 19–12–103 (Supp. 1964) provides that interest may be assessed from the day an itemized bill has been rendered and payment demanded. The record shows that all of plaintiff's bills were sent to defendant by July 31, 1964. The complaint in this action was filed on February 1, 1966. We think that the filing of the complaint clearly constitutes the "demand" within the meaning of the Indiana interest statute, and we therefore agree with the district court that February 1, 1966 was the proper date to start the interest assessment.

For the foregoing reasons, the judgment of the district court is affirmed.