ROBERT GLIDDEN ET AL. V. CLIFFORD E. NASBY

[No. 1269A252. Filed October 7, 1970.]

*Bob Good,* of Shelbyville, for appellant.

*Kitley, Schreckengast & Davis,* of Beech Grove, for appellee.

CARSON, J.—This cause of action originated in the Shelby Circuit Court, but was later transferred to the Hancock Circuit Court on a change of venue. Plaintiff-appellee filed a complaint for damages against defendants-appellants alleging that appellants are indebted to appellee in the sum of $851.07 for work done on appellant-Good's property. Trial was to a jury which rendered a verdict for plaintiff-appellee, and appellant-Good filed motion for new trial which, in pertinent part, reads as follows:

"(1)  The verdict of the jury is not sustained by sufficient evidence.
"(2)  Error of law occurring at the trial, in that:
       (a) The court erred in refusing to give the defendant's tendered Instruction No. 1.
       (b) The Court erred in giving, over the objection of the defendant, plaintiff's tendered Instruction No. 2.
       (c) The Court erred in giving, over the objection of the defendant, plaintiff's tendered Instruction No. 3."

Appellant-Good's sole assignment of error is the overruling of the motion for new trial.

We should note here that the record does not disclose that plaintiff-appellee filed an answer brief, and under these circumstances "it is only necessary for the appellant to demonstrate a prima facie case of reversible error." *Kuykendall* v. *County Com'rs. of Marion Co.* (1968), 142 Ind. App. 363, 13 Ind. Dec. 405, 234 N. E. 2d 860, 861.

## VERDICT OF JURY SUSTAINED BY SUFFICIENT EVIDENCE

This court, in reviewing appellant-Good's specification of error that the verdict of the jury is not sustained by sufficient

evidence, will follow the rule laid down in *Kessler* v. *Kessler* (1963), 135 Ind. App. 85, at 90, 192 N. E. 2d 4, at 6, quoting from *Heckman* v. *Heckman* (1956), 235 Ind. 472, at 478-479, 134 N. E. 2d 695:

> " 'In considering the sufficiency of the evidence to sustain the finding of the court, a fragment, part or portion of the evidence is not plucked from the whole and appraised alone, but all the evidence, together with all the permissible and reasonable inferences deductible therefrom, is surveyed to determine the ultimate facts and circumstances established thereby *favorable to the decision of the trial court.* A reversal of a judgment predicated upon a finding results only when there exists no competent evidence to support such finding. . . . ' " (Emphasis supplied.)

The evidence in the record before us shows that appellee is the owner of Nasby Construction Service and was contracted by Robert Glidden, agent of appellant-Good, to do certain excavating and construction work on a new home being built by appellant-Good, and that appellee completed this work and was partially paid therefor, and that appellant-Good refused to pay the balance due and unpaid.

The evidence above constitutes an order by the agent which was ratified by appellant-Good, and accepted and fully performed by appellee-Nasby. Thus, it appears that sufficient evidence of probative value existed to sustain the verdict of the jury.

## ERROR OF LAW OCCURRING AT THE TRIAL

This specification of error presents no question for this court. Appellant-Good has objected to instructions given at the trial, but has failed to cite any authorities to substantiate his objections. In substance, appellant-Good has presented this court with his conclusions in lieu of cogent argument supported by authorities. In *N.Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, at 189, 106 N. E. 2d 453, at 458, our Supreme Court stated:

"It has been held many times that all reasonable presumptions are indulged on appeal in favor of the rulings and judgments of a trial court, that the record must exhibit the errors for which the reversal is sought, and that a court of appeals will not presume anything in favor of appellant to sustain his alleged error." (Citing authorities.)

This court in *Deming Hotel Co.* v. *Prox* (1968), 142 Ind. App. 603, 14 Ind. Dec. 214, 236 N. E. 2d 613, at 617 (Transfer denied), held as follows:

"The Motion for a New Trial contained many alleged causes for a new trial. Several of these were not supported by argument or *citations of authority* in the Appellant's brief, and are therefore deemed to be waived pursuant to Rule 2-17(i) of the Rules of the Supreme Court of Indiana."[1] (Emphasis supplied.)

Appellant having failed to show any reversible error, the judgment of the trial court should be affirmed.

Judgment affirmed.

Lowdermilk, C.J. and Sullivan, J., concur.

Lybrook, J., not participating.

NOTE.—Reported in 262 N. E. 2d 548.

---

1. Formerly Rule 2-17, Rules of the Supreme Court of Indiana, now Indiana Rules of Procedure, Rule A.P. 8.3.