PORTAGE INDIANA SCHOOL CONSTRUCTION CORPORATION *v.*
A. V. STACKHOUSE COMPANY.

[No. 471A86. Filed October 2, 1972. Rehearing denied November 13, 1972. Transfer denied May 7, 1973.]

*Palmer C. Singleton, Jr.,* of Hammond, *Joel Yonover,* of Gary, for appellant.

*E. C. Ulen, Jr., Michael R. Maine, Peter D. Schellie, Baker & Daniels,* of Indianapolis, for appellee.

SHARP, J.—This case grew out of a construction contract between the Appellant, Portage Indiana School Construction Corporation, and the Appellee, A. V. Stackhouse Company, signed on September 22, 1960, for the erection and construction of certain improvements by the Appellee on property of the Appellant located in Gary, Indiana. The Appellee originally filed a complaint for account and application for the appointment of a receiver on December 26, 1962. The prayer in the Appellee's complaint was in the sum of $67,512.75. The Appellant filed answer to the Appellee's complaint generally in admission and denial and the Appellant further filed a counterclaim. The counterclaim generally alleged that the Appellee had not performed his contract and that the Appellee had erected said building in an unskillful and negligent manner requiring numerous repairs to make the building tenantable as contracted for. The prayer in the counterclaim was in the sum of $45,000.00. The Appellee denied the allegations of the counterclaim.

This case was tried without the intervention of a jury and on June 18, 1970 the trial court entered judgment for the Appellee and against the Appellant on the Appellee's complaint in the sum of $47,677.27, plus an amount which has been designated as "prejudgment interest" in the sum of $24,315.41.

(Although neither counsel could give a definitive answer in oral argument, it appears that the amount of prejudgment interest was computed by the trial court from the date of the filing of the complaint on December 26, 1962 and that it was computed on the amount of $47,677.27.

The judgment further provided that the Appellant take nothing by its counterclaim and entered judgment for the Appellee on said counterclaim. The Appellant filed motion to correct errors which was overruled by the trial court and this appeal has resulted.

The motion to correct errors presents two basic questions which are urged on this appeal. The first issue presented for review was whether or not the trial court erred in refusing to allow Appellant's counterclaim alleging defective and incomplete performance of the contract. The second issue relates to the allowance of the sum of $24,315.41 as prejudgment interest.

### JUDGMENT ON COUNTERCLAIM

The contract in question was executed in September 1960 and stipulated a contract price of $160,000.00. All estimates were made on the basis of incomplete plans that showed only one finished office space. The plans called for a shell building which would be filled in by more specific plans and specifications to conform with the needs and desires of the lessees of said building. Work commenced on the building in September of 1960. Throughout the construction of the building the Appellant presented the Appellee with numerous charge orders which required reworking and revising of both existing and

proposed portions of the building. As a result of these charge orders by the Appellant, which were deviations from the preliminary plans, the actual labor and material cost of the building was $189,038.07, to which a ten per cent contractor's fee of $18,903.81 was added pursuant to the agreement. Between May and October of 1961 various tenants occupied the building and the construction was completed on October 23, 1961. During the time of construction progress payments of $141,300.00 had been requested by the Appellee and paid by the Appellant. On June 19, 1962 the Appellee tendered an invoice to the Appellant, the body of which was as follows:

"BILLING #10

| | | | | |
|---|---|---|---|---|
| TOTAL COSTS | | | | 191,931.79 |
| 10/31/60 | Less Billing | #1 | 26,190.00 | |
| 11/30/60 | " " | #2 | 30,798.00 | |
| 12/31/60 | " " | #3 | 19,782.00 | |
| 1/31/61 | " " | #4 | 22,815.00 | |
| 2/28/61 | " " | #5 | 25,110.00 | |
| 3/31/61 | " " | #6 | 9,405.00 | |
| 4/30/61 | " " | #7 | 7,200.00 | |
| 11/30/61 | " " | #8 | 18,700.00 | |
| 2/28/62 | " " | #9 | 1,066.42 | 161,066.42 |
| Amount of this invoice | | | | $ 30,865.37" |

The decision of the trial court denying relief on the counterclaim is a negative decision against one having the burden of proof. Although the Appellant attempts to attack this negative decision, inter alia, as not being supported by sufficient evidence, such ground is not a proper basis on which to attach such a negative decision. See *Langford* v. *Anderson Banking Company* (1970), 146 Ind. App. 677, 258 N. E. 2d 60, and *Industrial Laundry* v. *Review Board of Indiana Employment Security Division* (1970), 147 Ind. App. 40, 258 N. E. 2d 160. It is elementary that in attacking the trial court's negative decision and failing to grant the relief requested in the counterclaim all of the factual inferences must be considered in the light most favorable to the

trial court's decision and the Appellant here must conclusively prove as a matter of law such decision was erroneous. The trial court may have determined that the Appellant failed to sustain its burden of proof on its counterclaim. It may have determined that the Appellant failed to prove by evidence of probative value that the difficulties described were caused by any acts or omission of the Appellee which were a breach of said agreement. There was a wide variety of evidence relating to subsequent difficulties with the building which evidence was in conflict and which evidence was susceptible to different inferences. There is a basic evidentiary dispute as to the cause of certain of these difficulties. The reviewing court will disregard conflicting evidence and assume that evidence to support the finding is true and will give it every inference reasonable and favorable to be drawn from it. The reviewing court will not weigh the evidence or pass upon the credibility of witnesses. See *Allstate Ins. Co.* v. *Morrison* (1970), 146 Ind. App. 497, 256 N. E. 2d 918. See also *Echterling* v. *Jack Gray Transport, Inc.* (1971), 148 Ind. App. 415, 267 N. E. 2d 198, *Glidden* v. *Nasby* (1970), 147 Ind. App. 546, 262 N. E. 2d 548, and *Pontious* v. *Littleton* (1970), 146 Ind. App. 369, 255 N. E. 2d 684.

Having in mind that the Appellant had the burden of proof on its counterclaim and considering the evidence introduced with the inferences most favorable to the Appellee we cannot say as a matter of law that the evidence led inescapably to a conclusion opposite from that which was reached by the trial court. The trial court's judgment in denying the Appellant's counterclaim therefore must be affirmed.

## PREJUDGMENT INTEREST

The second, and more fundamental issue in this case involves the question of the allowance of the sum of $24,315.41 as prejudgment interest.

Acts 1879, ch. 24, § 3, p. 43, as found in IC 1971, 24-5-1-3, Ind. Ann. Stat. § 19-12-103 (Burns 1964), provides as follows:

"On money due on any instrument in writing, on an account stated, from the date of settlement, or an account closed, upon the day an itemized bill shall have been rendered and payment demanded, or on money had and received for the use of another and retained without his consent, interest shall be allowed at the rate of six dollars [$6.00] a year on one hundred dollars [$100]."

During oral argument Appellant's counsel expressly conceded that the above interest statute was not sufficiently broad and comprehensive to encompass the present case within its mandatory features.

The Appellant in turn relied almost exclusively for its salvation on *New York, Chicago and St. Louis Railway Co.* v. *Roper* (1911), 176 Ind. 497, 96 N. E. 468, in which our Supreme Court stated:

"It may be conceded that the Indiana statute regulating interest deals only with judgments and matters arising out of contract, and if the allowance of interest in this case depends on the provisions of our statute, appellant's contention must prevail. §§ 7950-7957 Burns 1908, §§ 5198-5205 R. S. 1881. But in many jurisdictions it is held that while interest eo nomine may not be allowed in the absence of a statutory provision, it may be assessed as damages where the statute is silent. 22 Cyc. 1476. The general rule, supported by the great weight of American authority, is that in cases of torts to property, interest on the damages may be allowed as a part of the damages, and as an approximately uniform measure of compensation. 22 Cyc. 1502.

\* \* \*

"All authorities agree that in actions of this character the measure of damages is compensation, and the basis thereof is the value of the property destroyed, to be fixed as of the date of its destruction. But, however diligent the courts and parties may be, in many cases long delays inevitably result by reason of the illness and death of parties and witnesses, and for many other reasons that are universally conceded to be sound. Either party has a right to appeal to a court of review, and often the cause must be reversed by the court of appeals, in which case the judgment of the court below is vacated. In this case the destruction of the property occurred in May, 1906. If this judgment were reversed, and the cause remanded for a new trial, and at

such trial the recovery should be limited to the value of the property destroyed, the plaintiff could not be fully compensated, yet, except when the amount of recovery is so limited by statute, the law declares the rule of full compensation. Surely the law ought not to hold out to a tort feasor a premium on delay. In may be said that in cases of this kind, pending the rebuilding of the destroyed structure, the more logical rule of measurement would be the value of the use of the property of which the owner is deprived. Practically, however, the rule would be difficult of application, because frequently there would be no standard by which witnesses could determine the value of the use, and the estimates of witnesses would be mere speculations, with the inevitable result of great abuse. Besides, the more complicated the issues submitted to the jury, the greater is the danger of error; and, moreover, trials of issues of fact should not be prolonged unless some substantial need therefor exists. The end sought is the same as in many causes arising out of the breach of contracts—compensation. Why may not the courts adopt the same rules by which the same end is reached? It seems to us that fixing the compensation at the value of the destroyed property, at the time of its destruction, and in addition thereto the legal rate of interest from the time of the destruction to the day of trial, more nearly approximates justice than any rule that has been recognized, and has, besides, the merit of certainty and simplicity.

\* \* \*

"Of course it does not follow that said rule would apply to personal injury cases, cases of death by wrongful act, liberal, false imprisonment, *and cases where there is no standard of market or other value by which to measure the damages;* nor could it have application to cases where punitive damages may be assessed, nor to those where the amount of recovery is fixed by statute, but does not apply to actions ex delicto for the destruction of or injury to property." (our emphasis)

We agree with the Appellant that the award of prejudgment interest under the law of Indiana is not governed solely by statute. See *New York Central Railroad* v. *Churchill* (1966), 140 Ind. App. 426, 218 N. E. 2d 372, and *North Shore Sewer & Water, Inc.* v. *Corbetta Construction Co.* (7th Cir. 1968), 395 F. 2d 145.

On this subject of prejudgment interest we are especially indebted to our brethren on the United States Court of Appeals for the 7th Circuit for the most illuminating recent analysis of the prejudgment interest question. In *Rauser* v. *LTV Electro Systems, Inc.* (7th Cir. 1971), 437 F. 2d 800, Judge Pell, speaking for the court stated:

> "Finally, defendant asserts that the district court erred in including interest as an element of damages. The general rule is that interest is recoverable at the statutory rate for breach of a contract to pay a definite sum of money or to render performance the value of which may be ascertained in money. Restatement of Contracts, § 337(a). It has been held in Indiana that the question is not whether the damages are liquidated but whether they are ascertainable in accordance with fixed rules of evidence and accepted standards of valuation. New York, C. & St. L. Ry. Co. v. Roper (1911), 176 Ind. 497, 507, 96 N. E. 468, 472. See also Restatement of Contracts, § 337(a), Comment g. *Interest is not includable where damages are unliquidated and cannot be ascertained until judgment.* Dunham v. Jones (1915), 184 Ind. 46, 52, 110 N. E. 203, 205, overruled as to another holding, Prudential Ins. Co. of Am. v. Ritchey, 188 Ind. 157, 164-165, 119 N. E. 368, 484." (our emphasis).

In this case the wide disparity between the figure contained in the so-called invoice of June 19, 1962 and the demand figure in the Appellee's complaint and the actual figure of the principal sum of the judgment would certainly lead to the conclusion that this is a case where damages could not ascertained until judgment. In *Rauser* it was easy to determine the value of the stock in question simply by reference to standard market quotations on a given day. We certainly do not have that kind of simplicity in this case.

Also, in *Luksus* v. *United Pacific Ins. Co.* (7th Cir. 1971), 452 F. 2d 107, Judge Knoch stated at page 210:

> "The fact that damages are unliquidated does not seem a basis for disallowance of interest. Plaintiff cites N. Y., Chicago and St. L. Ry. Co. v. Roper (1911), 176 Ind. 497, 506-509, 96 N. E. 468, 472, where the measure of damages after fire was the fair cost market

value of the house at the time of damage. Over appellant's exception to the instruction and motion to modify the judgment, interest from the time of the fire was allowed. The Indiana Supreme Court held that plaintiff was thus placed in status quo as he was limited to damages as of the time of the fire and interest ought therefore to run from the same date. *The test, the Court said, was whether injury and consequent damage was complete, must be ascertained as of a particular time in accordance with fixed rules of evidence and known standards of value, which a Court or jury must follow in fixing the amount, as distinguished from using one's best judgment to assess the amount for past and future injury or elements not measurable by fixed standards of value.* The Court noted that Indiana law in this respect differed from that of Missouri and some other states. This rule was applied in Rauser v. LTV Electro-Systems, Inc., 7 Cir., 1971, 437 F. 2d 800, 805, a contract case." (our emphasis)

See also, *Scotco, Inc.* v. *Dormeyer Industries* (7th Cir. 1968), 402 F. 2d 336, *Lone Star Cement Corp.* v. *Pennsylvania Railroad Co.* (7th Cir. 1966), 356 F. 2d 901. (The last word from the Court of Appeals for the 7th Circuit is *M. Bender & Son, Inc.* v. *West 16th Street Realty Corp.* (7th Cir. 1972), 458 F. 2d 1316, in which the court divided on its interpretation of § 19-12-103. We do not view that this disagreement has relevance to the determination of the question in this case.)

Examined in the light of the above authorities, including the *Roper* case and examining the factual record with all the inferences most favorable to the Appellee we conclude that there was not sufficient evidence in the record in this case to permit the allowance of prejudgment interest. In this case we are confronted with a wide range of figures as to the amount claimed. We are concerned with the ascertainment of the cost of materials, labor, engineering, administration, equipment rental, freight bills, licenses, permits and fees which cannot be determined with certainty by resort to any source other than the detailed and specific records of Stackhouse which were not put forth as a part of any itemized bill or demand until the trial of this case. Except for unit prices, no

standards of valuation can be prescribed in construction contracts such as this one since each contract varies according to its specific plans and specifications. We do not hold that such prejudgment interest is prohibited in all construction contracts. We simply hold that the record in this case does not permit it.

In *Luksus* there was a construction contract in which a prejudgment interest was allowed to a subcontractor. However, the parties by contract provided for a unit price based upon the brick count which was agreed to by the parties. In addition, a part of the damages awarded to the subcontractor resulted from the use by the contractor of equipment which the subcontractor had rented. The rental value of the equipment was not only agreed to, by the parties, but was an accepted standard of valuation. Therefore, in *Luksus* the damages were a matter of mathematical computation.

In its brief the Appellant apparently argues that the amount here is "an account closed" within the meaning of § 19-12-103 although this would appear to be somewhat inconsistent with the position taken during oral argument. As we have previously indicated the Appellee asserted two different and widely varying figures as to the amount owing prior to trial and the trial judge arrived at yet another figure. We simply do not believe that the Legislature had this kind of situation in mind when it defined "account closed" in § 19-12-103.

Likewise, we cannot determine that the amount in question here was "an account stated." In regard to an account stated the Supreme Court of the United States in *Tolan* v. *Sprague,* 37 U.S. 300 at 334 stated:

"[T]he mere rendering an account does not make it a stated one; but if the other party receives the account, admits the correctness of the items, claims the balance or offers to pay it . . . then it becomes an account stated."

Considering the evidence in the light most favorable to the Appellee we do not believe that it discloses the existence of an account stated in this case.

We must therefore conclude that the award of $24,315.41 interest as a part of the judgment in this case is contrary to law since the Appellee did not prove an account stated, an account closed, a liquidated amount due, an amount due which was subject to mathematical computation, or an amount which was ascertainable under fixed rules of evidence or accepted standards of value *before trial*.

No challenge is made to the judgment in the principal sum of $47,677.27 and therefore it is hereby affirmed. That part of the judgment awarding interest in the sum of $24,315.41 is hereby reversed. This case is remanded with instructions to the trial court to enter judgment in accordance with this opinion.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 287 N. E. 2d 564.