Ted NERING, (Deceased), Appellant (Defendant Below),

v.

James STOCKSTILL, d/b/a Jim's Landscaping & Tree Service, Appellee (Plaintiff Below).

No. 3–1081A262A.

Court of Appeals of Indiana, Third District.

April 28, 1983.

Rehearing Denied June 8, 1983.

Gary P. Price, Dutton, Kappes & Overman, Indianapolis, for appellant.

Rudy C. Kutansky, Stults, Custer, Kutansky & McClean, Gary, for appellee.

STATON, Judge.

Ted Nering appeals a bench trial award to Jim Stockstill for landscaping services. He raises the following issues for our review:

(1) Did the successor judge abuse his discretion and violate Nering's due process rights when he based his denial of Nering's motion to correct errors upon an examination of the record?

(2) Did the trial court err by awarding pre-judgment interest to Stockstill where his damages were ascertainable when all work was completed?

(3) Was the judgment excessive even though there was evidence that Nering's advance payments on the original contract price did not fully compensate Stockstill for all work completed?

Affirmed.[1]

## I.

### Successor Judge [2]

On April 24, 1981, the Honorable Cletus H. Brault, Jr. made his findings of fact and judgment in favor of Stockstill. Pursuant to Ind.Rules of Procedure, Trial Rule 63(A), Mr. Gerald N. Svetanoff appeared as successor judge to hear post-trial motions. He examined the transcript of the evidence and the record of the proceedings. Later, he denied Nering's motion to correct errors.

Nering contends that Judge Svetanoff's denial of his motion to correct errors constituted an abuse of his discretion and a violation of his due process rights. Nering alleges that Judge Svetanoff resolved questions of credibility and weighed the evidence without having had an opportunity to hear the evidence and observe the demean-

---

1. Nering also requests our review of the following issues:

Did Stockstill breach his contract with Nering when his performance did not satisfy Nering's expectations despite weather delays and delays caused by Nering?

Did the trial court err by not crediting Nering's judgment for his expenses incurred to replace Stockstill's work?

According to Ind.Rules of Procedure, Appellate Rule 8.3(A)(7), Nering has waived our review of these issues because he failed to support them with cogent argument and authority.

2. Contrary to Stockstill's contention, Nering properly preserved the alleged error of the successor judge's denial of his motion to correct errors. In *Inkoff v. Inkoff* (1974), 159 Ind.App. 239, 243–244, 306 N.E.2d 132, 134–35, this Court held that claimed errors arising after the motion to correct errors had been overruled may be raised as errors on appeal by filing an assignment of errors. Nering's situation is similar; his claimed error occurred upon the ruling of the motion to correct errors by the successor judge. Thus, it could not have been included in Nering's motion to correct errors. Such an error is reserved if raised directly to this Court with an assignment of errors or if raised in the appellate brief.

Ind.Rules of Procedure, Appellate Rule 8.3(A)(7) reads in pertinent part that "[i]f an error is raised on brief which was not set out in the court below in a motion to correct errors, the error will be considered on appeal if raising the error is consistent with the provisions found in Trial Rule 59. . . ." Our consideration of Nering's alleged error concerning the successor judge set out in his brief is consistent with the provisions found in Ind.Rules of Procedure, Trial Rule 59(D). TR. 59(D) states in pertinent part that "A motion to correct errors shall be addressed to those errors claimed to have occurred prior to the filing of the motion. . . ." Nering's alleged error occurred after he filed his motion to correct errors. Therefore, the language in AP. 8.3(A)(7) and TR. 59(D) allows us to consider Nering's alleged error that the successor judge abused his discretion and violated his due process rights by denying his motion to correct error.

or of the witnesses. Nering requests a new trial.

We will reverse the decision of the successor judge only if he abused his discretion under TR. 63(A). *Urbanational Developers, Inc. v. Shamrock Engineering* (1978), 175 Ind.App. 416, 372 N.E.2d 742, 746:

"'An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the Court or the Reasonable, probable and actual deductions to be drawn therefrom.'"

*Id.,* quoting *Dunbar v. Dunbar* (1969), 145 Ind.App. 479, 483, 251 N.E.2d 468, 471. TR. 63(A) reads in pertinent part:

"If the judge before whom the trial or hearing was held is not available by reason of death, sickness, absence or unwillingness to act, then any other judge regularly sitting in the judicial circuit or assigned to the cause may perform any of the duties to be performed by the court after the verdict is returned or the findings or decision of the court is filed; but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part. . . ."

This rule provides a successor judge the discretion to perform duties which may have been performed by the presiding judge. *Urbanational, supra* 372 N.E.2d at 746. TR. 63(A) also allows a successor judge the discretion to order a new trial or hearing when the resolution requires him to weigh the evidence or examine the credibility of the witnesses. *Id.*

According to *Urbanational, supra,* this Court held that the problem of unfamiliarity with the evidence when ruling on post-trial motions is easily resolved by an examination of the transcript of the evidence. *Id.* 372 N.E.2d at 746; *Baker v. American Metal Climax, Inc.,* (1976), 168 Ind.App. 445, 463, 344 N.E.2d 73, 83 (*trans. denied*); *Lies v. Ortho Pharmaceutical Corporation* (1972),

Ind., 284 N.E.2d 792, order modified in part, 259 Ind. 192, 286 N.E.2d 170. Judge Svetanoff denied Nering's motion to correct errors only after he had examined the transcript of the evidence and the record of the proceedings which included Judge Brault's findings and conclusions. While the successor judge in *Urbanational* changed the original judgment based on his separate findings, Judge Svetanoff made no changes in the original judgment. His examination was limited to a determination of whether the evidence reasonably supported Judge Brault's findings and judgment. This is permissible. *Id.* Therefore, Judge Svetanoff's denial of Nering's motion to correct errors was not an abuse of discretion or a violation of Nering's due process rights.

## II.

### Pre-Judgment Interest

Nering contends that the trial court erred in awarding Stockstill pre-judgment interest on the balance due from August, 1976 to April, 1981. He alleges that Stockstill's damages were not ascertainable in accordance with fixed rules of evidence and accepted standards of valuation when the itemized bill was presented to Nering.

It is within the discretion of the trial court to award pre-judgment interest if it would fully compensate Stockstill. *City of Anderson v. Salling Concrete Corp.* (1981), Ind.App., 411 N.E.2d 728, 735. We agree with Nering that the award of the pre-judgment interest is proper only if Stockstill's damages were ascertainable by use of fixed rules of evidence and accepted standards of valuation at the time the damages accrued. *Indiana Industries, Inc. v. Wedge Products* (1982), Ind.App., 430 N.E.2d 419, 427. The only determination for the trier of fact is whether liability for damages exists. If liability exists, pre-judgment interest is proper only where a simple mathematical computation is required; it is not proper when the court must determine the value of the liability. *Id.*

The evidence reveals the facts pertinent to the award of pre-judgment interest as follows: On December 9, 1975, Nering hired Stockstill to landscape his residence. The contract price of $18,670.00 was to be paid as Stockstill completed work over an estimated period of six to eight months. By March, weather permitted Stockstill to begin working steadily on Nering's residence. At this time, Nering requested that Stockstill do "extra" jobs for additional fees. The "extra" jobs included a brick fence, an enlarged wooden fence, pine trees, and a drain tile to correct a leak; the charge for these "extra" jobs totaled $9,164.32.

In May, 1976, Nering first mentioned his dissatisfaction with Stockstill's work and slow progress; he told him to complete the work he had started and prepare a bill. In July, 1976, Stockstill gave Nering an itemized bill of the charges for the work completed under the original contract, the charges for the "extra" jobs, the credits for uncompleted work and advance payments, and the balance due.

Nering refused to pay Stockstill any more than he had paid claiming that this sum was sufficient for all work completed. On February 14, 1977, Stockstill filed suit for damages and Nering counterclaimed for breach of contract.

Nering contends that the disparity between the original amounts requested in Stockstill's itemized bill, his complaint, and Judge Brault's award renders the pre-judgment interest award inappropriate under *Portage Indiana School Construction Corp. v. A.V. Stackhouse Co.* (1972), 153 Ind.App. 366, 287 N.E.2d 564. In *Portage*, the Court found that such a disparity did not allow the damages to be ascertainable until judgment; it held that therefore pre-judgment interest was improper. *Id.* 287 N.E.2d at 569. However, in *Indiana Industries, supra,*

a substantial disparity between the itemized bill, the damages sought, and those awarded did not necessarily render the amount of damages unascertainable or beyond mathematical computation. *Id.* at 427. The disparity in this case is very low as compared to the disparity in *Portage* and *Indiana Industries.*[3] In addition, Stockstill's contract price was fixed. The amount charged for "extra" jobs, the credited amounts, and the amount of the advance payments were uncontroverted by the evidence. The trial court was able to compute Stockstill's damages by subtracting the advance payments and credits from the sum of the original contract price and charges for the "extra" jobs. Therefore, the award of pre-judgment interest was proper.

### III.

#### Excessive Judgment

 Nering contends that the judgment is excessive. He alleges that the advance payments equalled the value of Stockstill's completed work. This is an invitation to reweigh the evidence. We will only reverse the judgment of the trial court if it affirmatively appears that reasonable men could not have arrived at the same conclusion. *Drost v. Professional Building Service Corp.* (1972), 153 Ind.App. 273, 280, 286 N.E.2d 846, 851. As the trier of fact, the trial court can not be reversed unless the findings are clearly erroneous. *Id.* 286 N.E.2d at 852. In addition, we will not set aside a judgment as excessive unless the amount is so large that it cannot be explained upon any reasonable hypothesis other than prejudice, passion, partiality, corruption, or that some improper element was considered. *Dubreuil v. Pinnick* (1978), 178 Ind.App. 526, 383 N.E.2d 420, 424–25.

3. Nering's itemized bill showed a balance of $17,572.32, his complaint requested $15,173.82, and the award was $11,995.00.

In *Portage, supra* 287 N.E.2d at 566, the itemized bill showed a balance of $30,865.37, the complaint requested $67,512.75 and the award was $47,677.27.

In *Indiana Industries, supra* at 427, the balance on the itemized bill was $73,198.45, the complaint requested $53,476.06, and the award was $48,358.06.

Mr. Mumma, the second landscaper hired by Nering, testified that the advance payments were sufficient to compensate Stockstill for his completed work. However, he also testified that he had not seen Nering's residence before Stockstill began work. Nering knew about the possible eight-month duration of the job, and of the additional fees for the "extra" jobs. Stockstill also gave Nering an itemized bill of the costs incurred for all completed work under the original contract. This evidence supports the trial court's decision that the advance payments were not sufficient to pay for all work completed. Therefore, the judgment was not excessive.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.