RICE ET AL. *v.* FLETCHER SAVINGS & TRUST CO. ET AL.

[No. 27,221.  Filed October 11, 1939.]

*Vaughn & Vaughn, Fenton, Steers, Beasley & Klee,* and *Charles D. Lesley,* for appellants.

*Fesler, Elam, Young & Fauvre, Thompson & Rabb, Howard S. Young, Jr.,* and *Donald S. Morris,* for appellees.

TREMAIN, J.—On May 7, 1928, the persons hereafter named separately owned stock in the Reserve Loan Life Insurance Company as follows: William R. Zulich, twenty-four hundred shares; Ida M. Zulich, twenty-five hundred shares; Frank L. Truitt, one hundred shares, Guilford A. Deitch, four thousand shares; Guy L. Stayman, one thousand shares; Josephine B. Stayman, five thousand shares. On that day they entered into an agreement with the Fletcher Savings and Trust Company whereby they assigned said stock to it as trustee and constituted it their lawful attorney to vote said stock for certain persons therein named as directors of said life insurance company, but reserved to themselves the right to vote the stock on all other questions. They reserved all cash dividends and disposed of nothing of a beneficial nature to themselves. The assignment to the trust company of the voting right was to continue during the life of the agreement.

Item 4 of that agreement contained the following provision:

"But the certificate representing such stock shall be transferred by the Trustee to such persons and upon such terms as at any time hereafter shall have

been directed by such depositing stockholder, either by a writing amendatory to this agreement signed by such stockholder and said Trustee, or if none, then by the last will and testament of said depositing stockholder, and in the absence of either, then to the estate and legal representatives of said stockholder."

Afterwards, on May 29, 1928, said Guilford A. Deitch entered into a further agreement with the trust company pursuant to said Item 4, modifying the provisions concerning his four thousand shares of stock by providing for a disposition of the income from the stock and naming the persons to whom it should be paid. At the same time he transferred to the trust company other securities therein referred to and described, and provided that after the trust company had made specific payments described therein the net income in excess of said amounts should be accumulated and held by the trustee for the purpose of organizing a hospital to be known as the "Guilford A. Deitch Jewish Hospital," upon the condition that not more than $150,000 should be used for that purpose, and on the further condition that a like sum be actually paid in by other persons for the erection of such hospital. Paragraph 4 (b) reserved to Deitch the right at any time thereafter to amend or revoke the agreement. The other securities deposited at that time with the trust company amounted to the face value of $52,650.

Afterwards, on November 24, 1928, the said Guilford A. Deitch executed his last will and testament. After making certain specific bequests he provided in Item 7 as follows:

"I give and bequeath unto Fletcher Savings and Trust Company, Trustee, all monies, credits, stocks, bonds, rights and choses in action of which I die seized or possessed, in trust, to hold, manage, invest and apply upon and in accordance with the terms and conditions named and described in the

amendments of said agreement of May 7, 1928, executed by me with said Fletcher Savings and Trust Company on May 29, and November 23, 1928, with full power to sell, convey and otherwise dispose of said property and apply the income and then the principal thereof to the uses and purposes mentioned in said amendments to said agreement as if the property hereby bequeathed were a part of the fund covered by said agreement."

Other items of the will are not involved.

Thereafter, amendments were executed to the trust agreements whereby said Deitch added additional property to that already in the hands of the trustee. One amendment known as the Eighth was executed on the 4th day of May, 1931, and provided that, after the death of the donor, the trustee should collect all dividends upon the stock of the Reserve Loan Life Insurance Company and other proceeds, and from the amount collected pay to his nephew, Isaac Rice, $4,000; to his niece, Jessie Guilford Wise, $2,000; to Dr. F. S. C. Wicks $1,000; to Madge Levells, if employed by him at the time of his death, $2,000; to his sister, Irene Levy, the sum of $100 a month during her life. Like provisions were made to other friends and relatives. The remaining net income, it is provided, should accumulate until the death of the survivor of the beneficiaries named therein, and said net accumulations, together with the entire principal, should be held by the trustee as an endowment known as the Guilford A. Deitch Foundation, and provided that the entire net income should be paid to the Board of Trustees of Indiana University for such purposes in connection with the maintenance of the hospitals at its medical center in the city of Indianapolis as said board of trustees should, from time to time, designate. He declared that this agreement was made as an amendment to the agreement of May 7, 1928, and ratified and confirmed the provisions of the agreement of May 29, 1928, and the

amendments thereof. This agreement was signed and executed by said Deitch and the Fletcher Savings and Trust Company, and was witnessed by two witnesses.

. Guilford A. Deitch died October 28, 1931, and his will was probated November 2, 1931. Afterwards, on January 26, 1933, the First, Second, and Eighth Amendments were admitted to probate as codicils to testator's will. On the 10th day of November, 1932, the appellants filed their complaint praying for a construction of said will, which is copied in full in the complaint, together with the agreement of May 7, 1928, and all amendments thereto, and alleging that the plaintiffs and other persons named were the sole and only heirs at law of Guilford A. Deitch. They specifically ask for a construction of Item 7 of said will. The court found against the appellants and entered judgment for appellees. A motion for a new trial upon the ground that the judgment was not sustained by sufficient evidence and was contrary to law was overruled.

Appellants take the position that Guilford A. Deitch could not amend the agreement of May 7th without the consent of the other trustors; that the attempted amendments executed by Deitch to the trust company were without force or effect; that the ex parte probate of the First, Second, and Eighth Amendments is void; and that Deitch died intestate as to the personal property described therein. Therefore, they claim said property descended to them as the next of kin, being nephews and nieces.

Appellants first argue that the trust failed because the trustee did not survive the testator. This contention is based upon the fact that the first agreement was made with the Fletcher Savings and Trust Company, while the Eighth Amendment, probated as a codicil to the will, was executed with the Fletcher Trust Company. The evidence establishes that the name of the company was changed from the Fletcher Savings

and Trust Company to the Fletcher Trust Company. A change in name of the trustee does not affect the trust or the rights of the appellants. *State Exchange Bank* v. *Paul* (1915), 58 Ind. App. 487, 493, 108 N. E. 532. Also, the trust agreement would not fail even if the trustee had gone out of existence. *Grimes' Executors* v. *Harmon et al.* (1871), 35 Ind. 198, 200; *Dykeman* v. *Jenkines* (1913), 179 Ind. 549, 101 N. E. 1013. A court of equity will appoint a new trustee.

The testator created a charity and by the codicil placed a large amount of securities and property in the hands of the Trustees of Indiana University for the use and benefit of the medical center in Indianapolis, which includes the Riley, Coleman, and Long Hospitals. Gifts of this nature are the favorites of the law and the provisions creating them should be liberally construed. *Burke, Exr.* v. *Crawfordsville Tr. Co., Admr.* (1936), 103 Ind. App. 1, 2 N. E. (2d) 817.

Appellants' position that the agreement of May 7th is void for the reason that it undertakes to perpetuate certain persons in office as directors of the Reserve Loan Life Insurance Company is not tenable. Each party to that agreement placed his own and separate stock in trust for voting purposes only. The agreement did provide for notice to and option to purchase in the other parties in the event anyone desired to sell his stock. Mr. Deitch reserved full authority to dispose of his stock, change the terms of the trust, add to the corpus if he desired, withdraw all of the property from the trustee, and create a new and different trust. Appellants are in no position to assert ownership to Deitch's stock by reason of the agreement of May 7th. That Mr. Deitch made a disposition of his stock by will, trust agreement, or codicil is of no concern to appellants. That right was reserved to him by the

agreement. Some of the parties to that agreement were beneficiaries under later terms of the trust and received the provisions made for them therein. No question is made concerning that matter.

The fact that the agreement of May 7th was amended, first by providing for a Jewish hospital, and second by abandoning that provision and giving the estate to the medical center, likewise is of no concern to appellants. The terms of the agreement of May 7th and the agreement providing for the establishment of a Jewish hospital are of no consequence for the reason that the Eighth Amendment, superseding the former agreements, finally disposed of all the property to a certain and definite beneficiary. *Dykeman* v. *Jenkines, supra; Burke, Exr.* v. *Crawfordsville Tr. Co., Admr., supra.*

The Eighth Amendment, duly witnessed, disposed of testator's estate and was properly and legally probated as a codicil to the will. *Herbert* v. *Berrier et al.* (1881), 81 Ind. 1; *Olerick et al.* v. *Ross et al.* (1896), 146 Ind. 282, 45 N. E. 192. The fact that it was probated subsequent to the probate of the will is of no consequence. It clearly and definitely disposed of the estate described therein, including that already in the hands of the trustee and that in the possession of the testator at the time of his death. Its execution was not attacked by contest within the time or in the manner provided by statute. It stands as the duly probated will of the testator.

The appellants' position throughout is based upon the proposition that under the original agreement of May 7th and the amendments thereto no disposition was made by the testator of his estate, and as to the property described therein he died intestate, and it therefore descended to them. Reading together all of the instruments executed by the testator, no doubt remains

as to his intention, and that he finally disposed of his entire estate by will, as provided in Paragraph 4 of the agreement of May 7, 1928.

Finding no error in the record, the judgment of the lower court is affirmed.