QUINN *v.* PERU TRANSIT LINES, INC., ET AL.

[No. 20,568. Filed May 23, 1967. No petition for rehearing filed.]

*Charles K. Michael,* of Logansport, and *Hurst & Grund,* of Peru, both for appellant.

*Albert H. Cole,* of Peru, *Thomas L. Davis,* of Indianapolis, and *William L. Morris,* of Rochester, all for appellees.

CARSON, P. J.—This is an appeal from the Fulton Circuit Court arising out of a personal injury accident wherein the appellant here was the plaintiff below. The verdict of the jury was for the defendants. The court rendered consistent judgment.

The issues formed by the plaintiff's second amended complaint and the defendants' answer, under Rule 1-3, charged the defendants with negligence and resulting injury to the plaintiff who was a passenger in defendants' taxicab. The appellant filed a motion for a new trial specifying five grounds in substance as follows:

1. The verdict was contrary to law;
2. Error of law in admitting testimony of a third party involved in the accident who was not a party to the present action;
3. Error of law in allowing the defendants, under a general denial, to present evidence of an independent, intervening agency;
4. Error of law in giving defendants' tendered Instructions Nos. 3, 6, 7, 13, 24, 25, & 26; and,
5. Error of law in refusing to give plaintiff's tendered Instructions Nos. 6 & 8.

From the overruling of the motion for a new trial, the appellant assigned as error such action by the trial court.

The assignment that the verdict is contrary to law places upon this court certain responsibilities concerning the evidence. The rule which governs us, has been stated in the

case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, at p. 532, 104 N. E. 2d 669;

> "It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

This was affirmed in *Hinds, Executor Etc.,* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553, and *A. S. C. Corporation* v. *First Nat. Bank, etc.* (1960), 241 Ind. 19, 167 N. E. 2d 460. In applying the rule to this case, we feel that the verdict of the jury should not be disturbed.

Grounds 2 & 3, attacking the action of the court in admitting into evidence certain testimony of a third party to the accident who was not a party to the action in the trial court, is not such an error as to entitle the appellant to reversal. The error, if any, was harmless and this court does not reverse for harmless error.

We come next to the specifications of error in the motion for a new trial wherein the plaintiff-appellant raises questions concerning certain instructions tendered by the defendant-appellee and given by the court. These instructions are enumerated in the motion for a new trial as 3, 6, 7, 13, 24, 25, & 26. Before considering these specifications, we should point out that in the argument portion of the appellant's brief there is presented for our consideration only those specifications dealing with Instructions Nos. 13 & 24. The specifications of error in the motion for a new trial assigned to the other instructions are therefore waived since the appellant has not addressed any argument to these instructions. *O'Neal et al.* v. *Deveny et al.* (1963), 135 Ind. App. 446, 194 N. E. 2d 413, 2 Ind. Dec. 388.

In examining the record in this case, we conclude that Instruction No. 13, tendered by the defendant and given by the

court, is supported by evidence given at the trial, which evidence we have heretofore held was properly admitted and which is in support of issues framed by the pleadings. The court therefore did not commit error in giving said Instruction. *New York Central Railroad Company* v. *Knoll* (1965), 140 Ind. App. 264, 4 Ind. Dec. 515; *Butler* v. *State* (1963), 244 Ind. 620, 193 N. E. 2d 899, 2 Ind. Dec. 362.

Instruction No. 24 tendered by the defendant and given by the court correctly stated a general proposition of law, was supported by evidence in the record before the jury, and merely gave the jury an opportunity to consider the question of sudden peril in light of such evidence.

Next, in examining the specifications of error, with respect to the refusal of the trial court to give plaintiff's Instructions Nos. 6 & 8, we conclude that the law in the submitted instructions was effectively covered by other instructions given by the court on its own motion.

Having reviewed the entire record in this case, we feel that the instructions when considered as a whole, fully and fairly instructed the jury, and that the case was fully and fairly tried. We find no conflict between the jury's answers to the interrogatories and the general verdict. In our opinion, the appellant has failed to demonstrate reversible error and the judgment should therefore be affirmed.

Judgment affirmed.

Cooper, J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 226 N. E. 2d 546.