PAUL G. LINDENBORG, ALICE L. LINDENBORG *v.* M & L BUILDERS AND BROKERS, INCORPORATED.

[No. 2-1072A75. Filed October 30, 1973.]

*Carl Lee Compton,* of Indianapolis, for appellants.

*James K. Sommer, E. Timothy Quino, Sommer, Tinkham, Barnard & Freiberger,* of Indianapolis, for appellee.

## I.

## STATEMENT ON THE APPEAL

STATON, J.—Dr. and Mrs. Paul Lindenborg contracted with M & L Builders, Inc. for the construction of their new home. Disagreements arose during the construction period over specifications and the quality of workmanship. The Lindenborgs moved into their new home without attending the property closing since they felt that most of the disagreements had not been settled. Many attempts were made by both parties to compromise their differences. Finally, M & L Builders, Inc. filed an action of ejectment against the Lindenborgs and later sold the home to a third party. The Lindenborgs filed an action for rescission, special damages and prejudgment interest. M & L Builders, Inc. filed a counterclaim which alleged breach of contract and requested damages. The trial court found that the contract had been mutually rescinded

and entered a judgment for the Lindenborgs in the sum of Six Thousand Four Hundred Three Dollars and Twenty-Six Cents ($6,403.26). Both the Lindenborgs and M & L Builders, Inc. filed motions to correct errors which were denied by the trial court.

The Lindenborgs' motion to correct errors raises these issues on appeal:

ISSUE ONE: Did the trial court err in entering judgment against M & L Builders and Brokers, Inc. rather than M & L Builders, Incorporated?

ISSUE TWO: Did the trial court err in not allowing interest upon the principal?

ISSUE THREE: Was the judgment inadequate as a matter of law?

The motion to correct errors filed by M & L Builders, Inc. raises these issues as cross-errors on appeal:

ISSUE FOUR: Did the trial court err in finding that the sale of the house by M & L Builders, Inc. was an *implied mutual rescission* of the contract?

ISSUE FIVE: Assuming that *mutual rescission* had taken place, did the trial court err in returning the Eight Thousand Dollars ($8,000.00) paid by the Lindenborgs when the contract provided that such amounts were to be retained by the contractor and applied against the damages?

Our opinion concludes that the trial court committed no errors upon any of the issues above. We affirm.

## II.

## STATEMENT OF THE FACTS

Many meetings took place between Art Mullin, a representative of M & L Builders, Inc. and the Lindenborgs before the signing of the "standard form" contract on March 30, 1966

and the payment of Eight Thousand Dollars ($8,000.00) by the Lindenborgs. The blanks in the "standard form" contract were filled in, but the attached four (4) pages of specifications were modified to include the verbal changes urged by the Lindenborgs. The Lindenborgs were told that the signing of the "standard form" contract was a necessary formality to allow the construction of their home to begin.

Construction began in April, 1966. Completion was scheduled for mid-September, 1966. During construction, the Lindenborgs noted over one hundred defects in workmanship and variances from the agreed specifications. Many of these defects were illustrated by photographs. The Lindenborgs did not attend the property closing set for November 30, 1966. They were moving into the new home. Their former home had been sold.

The Lindenborgs' attorney submitted a written list of objections to M & L Builders, Inc. on December 15, 1966. This list was supplemented by an architect's report on December 29, 1966. The architect's report set forth additional work that he felt necessary and recognized the very poor laying of the driveway. After a conference between the Lindenborgs and M & L Builders, Inc., an offer of compromise was given to the Lindenborgs by M & L Builders, Inc. based upon the architect's report. A counter-offer of compromise was made by the Lindenborgs. This offer had an alternative. M & L Builders, Inc. should remedy the defects in the home; or the Lindenborgs would release M & L Builders, Inc. from their obligation under the contract in return for the restitution of their Eight Thousand Dollars ($8,000.00) plus payment for the numerous improvements added to the home by the Lindenborgs during their occupation of the home.

M & L Builders, Inc. filed an ejectment action to oust the Lindenborgs. They were ejected from the home on February 15, 1967. Two days later, the Lindenborgs notified M & L Builders, Inc. in writing that they viewed the contract be-

tween them rescinded and requested the return of their money as well as damages. M & L Builders, Inc. sold the home to a third party and paid nothing to the Lindenborgs.

The Lindenborgs filed an action for rescission, restitution of their Eight Thousand Dollars ($8,000.00) and special damages which included prejudgment interest. They admitted liability for the reasonable rental value of the home during their short stay prior to being ousted and the value of the furniture paid for by M & L Builders, Inc. which they took with them upon leaving the home. M & L Builders, Inc. filed a counterclaim for breach of contract and requested damages. A seven (7) day trial commenced on May 25, 1971. The transcript contains eight hundred and seventy-four (874) pages. No request for findings of fact under Rule TR. 52(A) of the Indiana Rules of Civil Procedure, IC 1971, 34-5-1-1 was made. On June 7, 1972, the trial court entered judgment for the Lindenborgs in the sum of Six Thousand Four Hundred Three Dollars and Twenty-Six Cents ($6,403.26) and found against M & L Builders, Inc. on its counterclaim. Both the Lindenborgs and M & L Builders, Inc. filed motions to correct errors which were denied by the trial court.

### III.

## STATEMENT OF THE ISSUES

These issues are presented for our review on appeal by the Lindenborgs:

ISSUE ONE: Did the trial court err in entering judgment against M & L Builders and Brokers, Inc. rather than M & L Builders, Incorporated?

ISSUE TWO: Did the trial court err in not allowing interest upon the principal?

ISSUE THREE: Was the judgment inadequate as a matter of law?

M & L Builders, Inc. raises these issues in this cross-appeal:

ISSUE FOUR:    Did the trial court err in finding that the sale of the house by M & L Builders, Inc. was an implied mutual rescission of the contract?

ISSUE FIVE:    Assuming mutual rescission had taken place, did the trial court err in returning the Eight Thousand Dollars ($8,000.00) paid by the Lindenborgs when the contract provided that such amounts were to be retained by the contractor and applied against the damages?

## IV.

## STATEMENT ON THE LAW

ISSUE ONE: Corporate Name.

The contract at issue in this action was entered into between the Lindenborgs and M & L Builders, Inc. Subsequent to the signing of that contract, the corporate name M & L Builders, Inc. was changed to M & L Builders and Brokers, Inc. The Lindenborgs' legal action was commenced against M & L Builders and Brokers, Inc. Prior to the trial, the corporate name was changed back to M & L Builders, Inc. The judgment of the trial court was entered against M & L Builders and Brokers, Inc. In this appeal, the Lindenborgs assert as error the discrepancy between the corporate name against which judgment was entered and the actual name of the corporation at the time of judgment. The sole authority cited for this proposition is Rule TR. 59 (A) of the Indiana Rules of Civil Procedure which denotes the situations in which the trial court shall enter an order correcting error prior to judgment.

The changing of the corporate name does not effect the liability of the corporation. See *Rice* v. *Fletcher Savings & Trust Co.* (1939), 215 Ind. 698, 22 N.E.2d 809; *State Exchange Bank* v. *Paul* (1915), 58 Ind. App. 487, 108 N.E. 532. Any possible error resulting

from such a mistake by the trial court is harmless. See *Allison* v. *Boles* (1967), 141 Ind. App. 592, 230 N.E.2d 784 and *Emison* v. *Henderson* (1967), 141 Ind. App. 240, 227 N.E.2d 457. This Court will not reverse for such error. *Quinn* v. *Peru Transit Lines, Inc.* (1967), 141 Ind. App. 111, 226 N.E.2d 546.

Rule AP. 15(D) of the Indiana Rules of Appellate Procedure provides that a defect in form such as this is unavailable as a ground for reversal and grants the power to this Court to deem the judgment as amended on appeal. Pursuant to Rule AP. 15(D), this Court orders the judgment to be amended to conform to the present corporate name.

ISSUE TWO: Prejudgment Interest.

Prejudgment interest is statutory in Indiana. IC 1971, 24-5-1-3; Ind. Ann. Stat. § 19-12-103 (repealed).[1] This statute allows the award of interest prior to judgment for certain types of obligations.[2] The main thrust of the Lindenborgs' claim for interest is in the context of special damages stemming from a source ouside the statute.

The Lindenborgs suggest as authority for their position the early Indiana Supreme Court decision of *New York, Chicago & St. Louis Ry. Co.* v. *Roper* (1911), 176 Ind. 497, 96 N.E. 468. In *Roper, supra,* the Court was faced with a situation where the trial court had awarded prejudgment interest on the Appellee's claim for the negligent destruction of his home. The basis of that award was the concept that the Appellee should be compensated for the full amount of

---

1.   IC 1971, 24-5-1-3; Ind. Ann. Stat. § 19-12-103 was repealed by Acts 1971, P. L. 366, § 10(1) and replaced by Acts 1971, P. L. 366, § 10(5) effective October 1, 1971 pursuant to Acts 1971, P. L. 366, § 8. This case was tried under IC 1971, 24-5-1-3, *supra.*

2.   For a definitive statement on what constitutes an account stated and an account closed under IC 1971, 24-5-1-3, see *Portage Ind. School Construction Corp.* v. *Stackhouse* (1972), 153 Ind. App. 366, 287 N.E.2d 564, 570.

the tortious injury to his property, i.e., a return of Roper to the status quo. In affirming the grant of prejudgment interest, the Court noted that a statutory provision for such a claim in contractually oriented actions did not foreclose the award of interest as an element of damages in a tort action.

As a standard governing the award of prejudgment interest in actions not governed by statute, the Court in *Roper* adopted a test dictated by the Utah Supreme Court in the case of *Fell V. Union Pacific Railway Company* (1907), 32 Utah 101, 88 P. 1003. In *Fell* v. *Union Pacific Railway Company, supra,* 88 P. at 1007, the Utah Supreme Court stated:

> "The true test to be applied as to whether interest should be allowed before judgment in a given case or not is, therefore, not whether the damages are unliquidated or otherwise, but whether the injury and consequent damages are complete and must be ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value, which the court or jury must follow in fixing the amount, rather than be guided by their best judgment in assessing the amount to be allowed for past as well as for future injury, or for elements that cannot be measured by any fixed standards of value."

See also *Dunham* v. *Jones* (1915), 184 Ind. 46, 52, 110 N.E. 203, 205 [overruled on other grounds in *Prudential Ins. Co. of America* v. *Ritchey* (1918), 188 Ind. 157, 164-165, 119 N.E. 369].

Although the Court in *Roper, supra,* did mention actions based on contract in an analogy drawn to the compensatory nature of contractual damages, it made no disposition concerning any claim for prejudgment interest other than the one concerning the tortious claim presented in that appeal. Concerning the scope of the remedy created in that decision, the Court in *Roper,* quoting *Fell* v. *Union Pacific Railway Co., supra,* stated:

> " '. . . In all personal injury cases, . . . and all cases where the damages are incomplete and are peculiarly within the province of the jury to assess at the time of the trial, no

interest is permissible. . . .' " *New York, Chicago & St. Louis Ry. Co.* v. *Roper, supra.* 176 Ind. at 507, 96 N.E. at 472.

This Court most recently followed the dictates of *Roper* in affirming an award of prejudgment interest in the case of *New York Central Ry. Co.* v. *Churchill* (1966), 140 Ind. App. 426, 218 N.E.2d 372. As in *Roper, supra,* this Court in *New York Central Ry. Co.* v. *Churchill, supra,* was faced with a claim asserting the negligent destruction of personal property.

The extension of the *Roper* test beyond the ambit of tortious property damage actions has occurred only in the Federal District Courts of Indiana and in the Seventh Circuit Court of Appeals. In *North Shore Sewer & Water, Inc.* v. *Corbetta Construction Co.* (7th Cir. 1968), 395 F.2d 145, the Seventh Circuit Court of Appeals reversed a grant of prejudgment interest to the Appellants. Although the grant of interest in the District Court was based upon an Indiana statute,[3] the Appellants pleaded the *Roper* test on appeal. Their claim was against the surety of a general contractor for added costs incurred as a result of an impediment to their work caused by the owner of the property. The Court found that pursuant to *Roper,* the Appellants' damages were neither fixed or definite nor ascertainable by a fixed standard. In so ruling, the Court relied upon an early New York decision, *Mansfield* v. *New York Central & H. R. R. Co.* (1889), 114 N.Y. 331, 21 N.E. 735, where the New York court had found Appellant's claim for damages to be unliquidated and contested, being so uncertain that interest could not accrue.

Three years later in the decision, *Rauser* v. *LTV Electrosystems, Inc.* (7th Cir. 1971), 437 F.2d 800, the Seventh Circuit Court of Appeals found the *Roper* test had been satisfied in an action by an employee against his former employer for breach of a stock option agreement. In finding for the employee below, the District Court had granted prejudgment

---

3. IC 1971, 24-5-1-3; Ind. Ann. Stat. § 19-12-103 (Repealed).

interest as an element of damages. The Court of Appeals affirmed noting that the damages were ascertainable by a simple reference to stock market quotations on the particular day in question.

In that same year, the Seventh Circuit Court of Appeals also affirmed an Indiana District Court decision awarding prejudgment interest for claims concerning labor, services, rental charges and other items based upon the *Roper* rationale. See *Luksus* v. *United Pacific Ins. Co.* (7th Cir. 1971), 452 F.2d 207. Reference to *Roper* in that action was, however, unnecessary due to the applicability of IC 1971, 24-5-1-3, *supra*.

In summary, the Lindenborgs' claim for prejudgment interest requires the resolution of two distinct questions concerning the application of the *Roper* rationale. The first question is whether the impact of *Roper* was ever meant to be extended to actions based on contract considering the statutory remedies available and the language in the *Roper* decision. Assuming arguendo that *Roper* should be extended to contractually based claims as determined by the Seventh Circuit in *Rauser* v. *LTV Electrosystems, Inc., supra,* the second question is whether the Lindenborgs' claim satisfies the dictates of the *Roper* test. Without reaching the more ominous implications of the first question, we believe that the Lindenborgs' claim is disposed of by the second question. The claim does not satisfy the *Roper* test, *supra*.

The Lindenborgs did present a list of defects to M & L Builders, Inc. in December, 1966. However, they proceeded at trial to present additional evidence of expenditures of time and money in the improvement of the home during their short stay. More importantly the issue of the reasonable rental value of the home during its occupation by the Lindenborgs and the collateral dispute concerning the asserted breach of contract by the Lindenborgs provided sufficient evidence to support a reasonable inference by the trial court that the

amount of damages suffered by the Lindenborgs was not complete nor ascertainable at a fixed time pursuant to fixed rules of evidence and known standards of value.

The trial court did not commit an error of law in its denial of the Lindenborgs' claim for prejudgment interest.

ISSUE THREE: *Damages Inadequate as a Matter of Law.*

The Lindenborgs' final contention of error is that the Six Thousand Four Hundred Three Dollars and Twenty-Six Cent ($6,403.26) judgment is inadequate as a matter of law. The method the trial court used in computing that amount is not available to this Court in any form other than the mere speculation suggested by M & L Builders, Inc. This speculation is supported by reason in that the amount awarded is less than the total money deposited with M & L Builders, Inc.; thus, the assumption presented is that the trial court decreased the Eight Thousand Dollars ($8,000.00) by a reasonable rental value of the home and any other incidental adjustments necessary. To determine whether that amount is inadequate as a matter of law, this Court will apply the same rules as if the judgment had been challenged as excessive. *Rondinelli* v. *Bowden* (1973), 155 Ind. App. 582, 293 N.E.2d 812. Under the latter test, the judgment will be reversed as inadequate only after examining the evidence concerning the injury and determining that it is apparent that the amount is so small as to indicate that the trier of fact was motivated by prejudice, passion, partiality or corruption or considered some improper element in arriving at its assessment. See *Rondinelli* v. *Bowden, supra,* 293 N.E.2d at 814. There is little chance of fulfilling the dictates of this test upon consideration of the evidence of damages presented at trial. Reviewing the evidence presented at trial, we find no basis for error.

We further note that the basis of the Lindenborgs' allegation here is entrenched in the denial by the trial court of their

claim for damages concerning the improvements that the Lindenborgs added to the home prior to their ejectment. Those improvements were made on their own initiative under no contractual duty to M & L Builders, Inc. Therefore, any recovery available to them for the value of the improvements added or for the time spent in their installation is founded upon the common law theory of unjust enrichment and not upon the contract. The damages were not inadequate as a matter of law.

Our discussion now turns to a consideration of the errors raised by M & L Builders, Inc. on its cross-appeal.

ISSUE FOUR. *Did the trial court err in finding a mutual rescission in the sale of the home by M & L Builders, Inc. to a third party?*

Mutual rescission was one of the grounds alleged by the Lindenborgs in their complaint seeking the rescission of the contract. Two additional grounds were alleged as well: substantial breach of performance and fraudulent misrepresentation. The trial court made no findings of fact upon which M & L Builders, Inc. can base its contention that the trial court relied on mutual rescission in its judgment for the Lindenborgs. We can only assume that the trial court found for the Lindenborgs on one, two or all three grounds for the rescission of the contract. This Court is bound to affirm the decision of the trial court on any theory which is supported by the evidence. *Indiana & Michigan Elec. Co.* v. *Schnuck* (1973), 260 Ind. 632, 298 N.E.2d 436. Therefore, if this Court can find sufficient evidence of substantial breach of performance or fraudulent misrepresentation, we must affirm the trial court's judgment.

Sufficient evidence of substantial breach does exist in the testimony of the Lindenborgs and their architect, Mr. White, which is supplemented by the documentary evidence concerning the over one hundred (100) defects asserted by the

Lindenborgs. Substantiating the ground of fraudulent misrepresentation would provide a much more difficult task.

To fully examine this contention of error on the merits, we will proceed upon the assumption that the trial court did make its finding for the Lindenborgs on a mutual rescission of the contract.

The rescission of a contract may be a mutual agreement by the parties to an existing contract to discharge and terminate their rights and duties under it. CORBIN ON CONTRACTS § 1236 (one vol. ed. 1952). The requisite mutual consent to the rescission of a contract may be evidenced by the acts of the parties as well as by an express agreement. *Gwynne* v. *Ramsey* (1883), 92 Ind. 414; *Church* v. *Bobbs-Merrill Publishing Co.* (S. D. Ind 1959), 170 F. Supp. 32. Even a party without right may rescind a contract if the other party agrees to that rescission or fails to object thereto and permits the rescission to occur; such a rescission is by mutual consent. *Ralya* v. *Atkins & Co.* (1901), 157 Ind. 331, 61 N.E. 726.

*Dantzeiser* v. *Cook* (1872), 40 Ind. 65, is applicable to the facts in the present case. In *Dantzeiser*, a contract for the sale of land was at issue. Cook had paid Two Hundred Dollars ($200.00) down and possession of the land was to be given to him upon payment in full. Later, Dantzeiser, the Defendant, sold the property to a third party and Cook, the Plaintiff, requested rescission of the contract and restitution of the amount paid. The Court held in *Dantzeiser* v. *Cook, supra,* 40 Ind. at 68-69:

". . . Upon the plainest principles of justice, the plaintiff was entitled to regard the contract as rescinded and to recover back what he had paid on the land. . . .

\* \* \*

". . . The contract may well be said to have been rescinded by the agreement of the parties, and this rescission not only prevents the defendant from setting up damages for

an assumed breach but it enables the plaintiff to recover back what he has paid upon it."

M & L Builders, Inc. contend that *Dantzeiser* is inapplicable. It argues that *Dantzeiser* is merely an application of the doctrine of unjust enrichment and that its application to the case at bar would prohibit its duty to mitigate damages. Both propositions are untenable. It is established in Indiana that in cases of rescission, the party rescinding must restore or offer to restore everything of value he has received under the contract. *Cooley* v. *Stoeffler* (1950), 120 Ind. App. 617, 92 N.E.2d 926; *Sofnas* v. *John Hancock Mutual Life Ins. Co.* (1939), 107 Ind. App. 539, 21 N.E.2d 425. The Court in *Dantzeiser* merely applied that doctrine in returning the Plaintiff's downpayment to him. Nor does the application of *Dantzeiser* to the case at bar prohibit a duty to mitigate damages. A duty to mitigate arises when the other party to the contract is in breach. The trial court found against M & L Builders, Inc. on its counterclaim which alleged that the Lindenborgs breached the contract.

The trial court could have inferred from the evidence that the Lindenborgs did not waive any of the defects in dispute when they moved into the new house. They had sold their former home and were attempting to negotiate a settlement of the disputed contract specifications.

When the Lindenborgs were ejected from the house on February 15, 1967, M & L Builders, Inc. asserted that the act of ejectment was not to be interpreted as a repudiation of the contract. The evidence presented to the trial court would support a reasonable inference that the disputes between the contracting parties did justify the Lindenborgs' refusal to pay the balance of the contract price. Therefore, M & L Builders, Inc. would not have been justified in its ejectment action. CORBIN ON CONTRACTS § 708 (1960 ed.) This breach of the contract would give the Lindenborgs

the right to treat the contract as rescinded. They did so on February 17, 1967.

The trial court could have found that the Lindenborgs were entitled to treat the contract as rescinded if acquiesced in by M & L Builders, Inc. *Ralya* v. *Atkins & Co., supra.* Acquiescence can be inferred from the sale of the home by M & L Builders, Inc. to a third party.

We can only conclude that *Dantzeiser, supra,* is applicable and that a mutual rescission did occur. We find no error.

ISSUE FIVE: *Did the trial court err in returning the money paid by the Lindenborgs when the contract provided that this amount was to be retained and applied against the builder's damages?*

This contended error emanates from the denial of a counterclaim filed by M & L Builders, Inc. which asserted a breach of contract by the Lindenborgs. The trial court entered judgment against this counterclaim. Therefore, we are reviewing a negative judgment.

The rules concerning the review of such a judgment are firmly established. A negative judgment will be reversed only where the evidence is without conflict and leads to but one conclusion. An attack against the sufficiency of the evidence supporting a negative judgment is an improper form of appeal, and any contention that the judgment is not supported by the evidence or is contrary thereto, presents nothing for the consideration of this Court. *Columbia Realty Co.* v. *Harrelson* (1973), 155 Ind. App. 604, 293 N.E.2d 804; *Hiatt* v. *Yergin* (1972), 152 Ind. App. 497, 284 N.E.2d 834, 840.

## V.

### DECISION OF THE COURT

APPELLANTS' ISSUES:

ISSUE ONE: The variance between the corporate name and the actual name of the corporate defendant at the time

of judgment presents no error. Pursuant to Rule AP. 15(D), such a defect in form is not available as a ground for reversal. Pursuant to Rule AP. 15(D), we order that the judgment be amended on appeal to conform to the proper corporate name.

ISSUE TWO: The denial of the Lindenborgs' claim for prejudgment interest as an element of special damages was not an error of law. The evidence presented at trial concerning the damages suffered by the parties to this litigation supports a reasonable inference that the injury to the Lindenborgs did not result in damages of a fixed amount, ascertainable as of a particular time in accordance with fixed rules of evidence and known standards of value.

ISSUE THREE: The damages awarded the Lindenborgs in their action for rescission of the contract were not inadequate as a matter of law. The judgment will be reversed only when it is apparent that the amount is so small or so large as to indicate that the trier of fact was influenced by improper considerations in its assessment. No evidence of such improper considerations was raised. Our examination of the record reveals none. The Lindenborgs' claim for damages concerning the improvements added to the home prior to their eviction is best suited to an action for unjust enrichment not one for rescission of a contract.

APPELLEE'S ISSUES:

ISSUE FOUR: A mutual rescission of the contract did occur. In ejecting the Lindenborgs, the Appellee committed an act of repudiation constituting a breach of the contract which permitted the Lindenborgs to treat the agreement as rescinded. The subsequent sale of the home by M & L Builders, Inc. to a third party is an acquiescence in the Lindenborgs' rescission.

ISSUE FIVE: This issue is an appeal from the denial of a counterclaim filed by M & L Builders, Inc. which asserted a breach of contract by the Lindenborgs. The judgment entered by the trial court against M & L Builders, Inc. on that counterclaim results in the review by this Court of a negative judgment.

As attack against the sufficiency of the evidence supporting a negative judgment is an improper form of appeal and presents nothing for the consideration of this Court.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 302 N.E.2d 816.