JOHN V. LOUDERMILK *v.* FELD TRUCK LEASING COMPANY OF INDIANA, AN INDIANA CORPORATION.

[No. 2-375A60. Filed December 16, 1976.]

*Klineman, Rose and Wolf*, of Indianapolis, for appellant.

*Sidney Mishkin, Mishkin and Williams*, of Indianapolis, *John Wood, Bamberger & Feibleman*, of counsel, of Indianapolis, for appellee.

LYBROOK, J.—Defendant-appellant John V. Loudermilk, brings this appeal following the trial court's entry of judgment in favor of plaintiff-appellee Feld Truck Leasing Company of Indiana (Feld).

The facts most favorable to the judgment indicate that Feld is a corporation engaged in the business of leasing trucks. On November 11, 1971, Feld leased three tractors to George Zaring, Harry Patterson and John Denhart. Loudermilk guaranteed each of the three leases. Zaring and Patterson's leases were ultimately assigned to Denhart.

Denhart defaulted on the payments to Feld. Notice of the default was sent to Denhart. Loudermilk was given both written and oral notice. After this notification, use of the trucks was withheld from Denhart for a period of nearly two months until the lease was terminated on February 10, 1973. During that repossession, the trucks were held for the use of Denhart or Loudermilk pending payment of the sums to Feld.

Feld also attempted to obtain payment directly from R & W Services. This action was taken at the request of guarantor Loudermilk.

Feld then initiated an action against Denhart which concluded in a default judgment in favor of Feld on October 17, 1973. Loudermilk moved to have the default judgment set aside but that motion was overruled.

The action against Loudermilk was commenced in February of 1973. The trial was set for June 20, 1974, as a secondary matter with a backup trial date of September 5, 1974. On June 11, 1974, Loudermilk moved for a continuance on the grounds that he would be in Georgia at a truck association meeting. The motion for continuance was overruled and Loudermilk did not personally appear at the trial.

Loudermilk presents for our consideration the following alleged errors:

(1) Was there sufficient evidence of probative value to support the trial court's finding?

(2) Was the assessment of damages for a period following the repossession of the trucks erroneous?

(3) Were the actions of Feld a breach of good faith in its dealings with guarantor Loudermilk?

(4) Was the trial court's refusal to set aside the default judgment against Denhart reversible error?

(5) Was it error for the court to overrule Loudermilk's motion for continuance?

(6) Did the trial court erroneously admit Feld's records into evidence?

(7) Did the trial court erroneously accept into evidence a letter which was offered after the closing arguments of counsel for both parties?

(8) Is it reversible error for the trial court to render judgment on a complaint, without ruling on the counterclaim?

I.

Loudermilk's first allegation of error contests the sufficiency of the evidence to support the verdict of the trial court. Loudermilk has divided that general allegation of error into five more specific allegations, thus each allegation must be treated separately.

As an overriding test of any argument based on the sufficiency of the evidence, it must be made clear that this court neither weighs the evidence nor tests the credibility of the witnesses but only considers the evidence most favorable to the appellee, together with all reasonable inferences to be drawn therefrom. *Hidden Valley Lake, Inc.* v. *Kersey* (1976), 169 Ind. App. 339, 348 N.E.2d 674.

Loudermilk first contends that no evidence was presented that any demand was made upon him for payment and similarly that no evidence was presented of any notice to Loudermilk of the primary obligor's delinquency or default. However, the record reveals that a duplicate of a notice of default was sent to Loudermilk by certified mail on December 11, 1972. This notice was in the form of a letter to Tom Denhart with a duplicate to Loudermilk. In addition, Howard Doty, the former manager of Feld, testified that he had discussed the matter numerous times with Loudermilk. The standard of review of this court dictates that the judgment of the trial court stands when sufficient evidence exists, and here the evidence was ample.

Loudermilk's second sufficiency of the evidence argument alleges lack of evidence that the lessees were ever in possession of the trucks in question. This allegation fails on two distinct bases. Initially, Loudermilk failed to raise this contention in his motion to correct errors, and thus waived the issue on appeal. *McCauley* v. *State* (1974), 159 Ind. App. 517, 307 N.E.2d 885, interpreting Ind. Rules of Procedure, Trial Rule 59(G). Secondly, Loudermilk alleges that the trucks were repossessed from the lessees. It is axiomatic that the trucks could not be repossessed without the lessees having possession.

Loudermilk's third sufficiency of evidence allegation questions the exactness and certainty of the damages. The trial

court admitted into evidence a series of invoices, part of which were addressed to John Loudermilk and part to Tom Denhart. It is Loudermilk's contention that these invoices were not properly authenticated and identified as pertaining to the leases in question and thus provided no evidence as to damages. We disagree with that contention. Harold Doty, the former general manager of Feld for the Indianapolis area, described and explained each invoice and identified the vehicle to which it pertained. Loudermilk contends that this authentication was insufficient and that the records were hearsay. The admissibility of business records into evidence has been recently discussed in the case of *Burger Man, Inc.* v. *Jordan Paper Products, Inc.* (1976), 170 Ind. App. 295, 352 N.E.2d 821, which adopted the test provided by *American United Life Insurance Company* v. *Peffley* (1973), 158 Ind. App. 29, 301 N.E.2d 651, that test being:

> "A synthesis of the Indiana cases treating what modern authorities call the 'business record' exception to the hearsay rule is that documentary evidence is admissible if identified by its entrant *or one under whose supervision it is kept* and shown to be an original or first permanent entry, made in the routine course of business, at or near the time of the recorded transaction, by one having both a duty to so record and personal knowledge of the transaction represented by the entry." (Emphasis supplied).

Doty identified the invoices which were prepared under his supervision. They each were originals and were sufficiently identified as being made in the routine course of business at or near the time of the transaction. They were made by persons having personal knowledge of the transaction with a duty to make those entries. Since each of the prerequisites were met, the records clearly were admissible and supplied evidence upon which the trial court could ascertain damages. The numerical inconsistencies complained of by Loudermilk were adequately explained by Doty as units which were substituted due to damage to the originally leased trucks.

No error having been shown on the damages issue, we must now consider the alleged lack of evidence in regard to the unsatisfied status of the judgment against co-defendant Tom Denhart. Loudermilk contends that error was committed in finding for Feld because Feld failed to introduce evidence that Denhart had not paid the judgment. Loudermilk is alleging payment or at last partial payment of the judgment against Denhart. Payment is an affirmative defense TR. 8 (C) and thus any evidence must be presented by Loudermilk and the burden of proof was upon him. Having failed to affirmatively plead and prove payment, this issue was not before the court. See generally, *Commercial Credit Corp.* v. *Miller* (1972), 151 Ind. App. 580, 280 N.E.2d 856.

As the final sufficiency of evidence allegation, Loudermilk contends that he received no consideration and no evidence was introduced showing that he had received consideration for the guarantor's contract. This defense, failure of consideration, is an affirmative defense which must be pleaded and proved by the party claiming the failure. TR. 8 (C). Here again, Loudermilk failed to present evidence or plead the defense, and he has thus waived the matter.

## II.

Loudermilk next contends that the allowance of damages from December 22, 1972 (date of repossession) until February 10, 1973 (date of contract termination) was erroneous as a matter of law and allowed Feld to be unjustly enriched. We must disagree. The relevant portion of the lease agreement reads as follows:

"Default. Time is of the essence of this Agreement, and in the event Lessee shall be in default in any of its obligations hereunder and such default shall continue for a period of five (5) days after written notice thereof shall have been given by Lessor to Lessee, Lessor, at its election, may withhold the vehicles from Lessee's use without such withhold-

ing being deemed an act of termination or prejudicial to Lessor's other remedies, or Lessor may terminate this Agreement in whole or in part by giving Lessee ten (10) days' written notice of its intention, whereupon Lessee shall lose and forfeit every right and option to purchase any of the vehicles, but Lessor, as its option, may require Lessee to purchase the vehicles upon the basis set out in paragraph 16 of this Agreement."

It is clear that the lease intended that Feld be able to repossess the truck and have the remainder of their rights continue. Loudermilk does not contend otherwise.

Apparently Indiana has not previously decided the issue of a lessor's right to repossess the item and continue to demand rental payments, pursuant to a valid contract for the lease of chattels.

The Supreme Court of Washington faced a similar problem in the case of *Northwest Collectors, Inc.* v. *Enders* (1968), 74 Wash.2d 585, 446 P.2d 200. The court held that the contract would control, and therefore the tractor could be held for the benefit of the party in default without terminating the rights under the contract. In a very similar case, the California Court of Appeals allowed the lessor to retake possession for its own security and not forfeit its rights to rental payments. This was predicated on the lessor standing ready to perform at all time. *Challenge-Cook Bros., Inc.* v. *Lantz* (1967), 64 Cal. Rptr. 239, 256 Cal. App.2d 536.

In the case at bar Feld repossessed the trucks after numerous efforts to have the lessee's default rectified. The evidence showed that the trucks were held for the use of Denhart and Feld took no advantage of its possession. Feld did not terminate the lease until it took the affirmative steps necessary to terminate the contract. Feld's actions were clearly reasonable as they attempted to allow Denhart or Loudermilk time to cure the default. Feld only attempted to charge the fixed weekly rate for use of the equipment while holding the equipment for the lessee's use. In light of the surrounding cir-

cumstances and the clear language of the contract, we find no error in the court assessing fixed rate damages for the period in which Feld held the trucks for Loudermilk's use.

## III.

Loudermilk next contends that Feld failed to notify him of Denhart's default and that the repossession of the leased equipment was a breach of good faith in its dealings with the guarantor Loudermilk.

The evidence most favorable to the judgment clearly indicates Loudermilk received oral notice of the defaulted status of Denhart's leases and expressed his intentions to have the leases made current. Since no payments were tendered within a reasonable time, Feld exercised prudent business practices by attempting to maintain and protect the security for the contract.

Loudermilk cites as authority *State* v. *Adams* (1918), 187 Ind. 165, 118 N.E. 680 and *Owen County Bank* v. *Guard* (1940), 217 Ind. 75, 26 N.E.2d 395. While both cases dealt with "good faith", they are not controlling in the case at bar. Both cases concern a change of obligation under the contract and the case at bar merely attempts to enforce the contract as it was written.

No lack of good faith having been shown, we find no reversible error on this issue.

## IV.

Loudermilk next contests the validity of the trial court overruling his motion to set aside the default judgment against co-defendant Denhart.

The record reveals that a *trial de novo* was conducted by the trial court in the case at bar. Evidence was introduced on each element of the action on the contract and the damages were clearly assessable from the evidence at trial.

Any errors which may have been committed would be harmless and this court will not reverse for harmless error. *Quinn* v. *Peru Transit Lines, Inc.* (1967), 141 Ind. App. 111, 226 N.E.2d 546.

## V.

Loudermilk next contends that reversible error was committed when the trial court overruled his Motion for Continuance. Loudermilk asserts that he was prejudiced by the denial since he was unable to attend the trial as a witness on his own behalf. Ind. Rules of Procedure, Trial Rule 53.4 is the controlling standard for continuances. In pertinent part it reads:

"Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon agreement of all the parties or upon a showing of good cause established by affidavit or other evidence. The court may award such costs as will reimburse the other parties for their actual expenses incurred from the delay. A motion to postpone the trial on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and where the evidence may be; and if it is for an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring the testimony within a reasonable time, and that his absence has not been procured by the act or connivance of the party, nor by others at his request, nor with his knowledge and consent, and what facts he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured."

Ten days before the trial Loudermilk submitted a motion stating that he would be at a Georgia Motor Truck Association meeting on the scheduled trial date.

This is clearly not the type of reason which was intended when the rules of procedure were adopted. It is stated that

the absence of the witness must not be at the connivance of the moving party, but here the moving party is exercising his free will and discretion in choosing his whereabouts on the trial date.

The latitude necessary for granting continuances has been rightfully placed in the hands of the trial judge. This court will only reverse for a clear and blatant abuse of that discretion. *Jerry Alderman Ford Sales, Inc.* v. *Bailey* (1972), 154 Ind. App. 632, 291 N.E.2d 92. The requirements of good cause for the requested continuance were not met in the case at bar and thus a continuance was properly denied. *Jerry Alderman Ford, supra.* We therefore find no error in the trial court's denial of Loudermilk's motion for continuance.

## VI.

Loudermilk's sixth contention of error alleges that the admission of the invoices amounted to inadmissible hearsay evidence which was not properly authenticated. In light of our previous discussion, regarding the business records exception to the hearsay rule (see issue I above) we deem it unnecessary to rediscuss the admissibility of those records and their authentication.

## VII.

Loudermilk next alleges that plaintiff's exhibit 6, a letter from Feld to co-defendant Denhart with a copy going to Loudermilk, was improperly admitted into evidence. In substance the letter complied with the notice provisions of the lease contract and requested Denhart cure the default within five days. The letter was admitted into evidence after the closing argument by counsel for the respective party.

The contents of the letter were discussed by Doty, its author and signer, during his testimony on cross-examination.

It was handed to Doty and identified by him as its author. Its contents were discussed and the surrounding circumstances were amplified upon by Doty. It is clear that the letter was admissible into evidence, and was only cumulative in nature as its contents were already in the record. Cumulative evidence, whether admitted or not, is not grounds for reversal. *Coffey* v. *Wininger* (1973), 156 Ind. App. 233, 296 N.E.2d 154. The admission of the letter was clearly harmless error and requires no action from this court.

## VIII.

Loudermilk's final alleged error questions the propriety of a judgment being entered without a disposition on the accompanying counterclaim which was filed with Loudermilk's answer to Feld's complaint.

The counterclaim alleged that a settlement had occurred superseding the leases which were the basis of Feld's action. The counterclaim further alleged that the repossession of the trucks was wrongful and that Lowdermilk was therefore entitled to damages for that wrongful repossession. In addition he claimed punitive damages for the repossession.

The appellant contends that no valid disposition of the case can occur without a ruling on the counterclaim. The counterclaim was in a mutually exclusive posture with the complaint. A ruling on either commanded the holding on the other. While this may not be an ideal procedure, it was approved by the Indiana Supreme Court in the case of *Shriver* v. *Bowen* (1877), 57 Ind. 266.

Two additional factors enter our decision to allow the judgment to stand. The trial court subsequently entered a judgment on the counterclaim and thus rendered the error harmless. Granted, the entry of judgment was quite late and somewhat irregular, but it was sufficient to render any error harmless.

Secondly, TR. 53.1 sets forth the appropriate procedure for obtaining entry on a judgment when the judge has excessively delayed its rendering. TR. 53.2 specifically demands the use of TR. 53.1 procedures to obtain the judgment. Loudermilk failed to follow these procedures and thus waived the issue.

## IX.

Appellee concedes in his brief that one of the invoices used in the calculation of damages had been paid. The $23.69 bill was not a proper element of damages. It is hereby ordered that the judgment of the trial court be modified by reduction of the payment of $23.69.

No error having been demonstrated, we affirm the judgment as modified.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 358 N.E.2d 160.