**STATE FARM FIRE & CASUALTY INSURANCE COMPANY, Appellant (Defendant Below),**

v.

**Robert J. GRAHAM and Carrie Graham, Appellees (Plaintiffs Below).**

No. 61S01–9103–CV–206.

Supreme Court of Indiana.

March 14, 1991.

Michael V. Gooch, John S. Beeman, Timothy J. Hulett, Harrison & Moberly, Indianapolis, for appellant.

Luther G. Johnson, Keith L. Johnson, Mann Chaney Johnson, Goodwin & Williams, Terre Haute, for appellees.

DICKSON, Justice.

Following the denial of their fire loss claims under a rental dwelling insurance policy, the plaintiffs-appellees, Robert J. Graham and Carrie Graham, (hereafter "the Grahams") were awarded a judgment of $27,200.00 against the defendant-appellant, State Farm Fire & Casualty Insurance Company (hereafter "State Farm"). The Court of Appeals reversed and remanded for a new trial upon finding erroneous a jury instruction concerning one of the conditions of the insurance contract. *State Farm Fire & Casualty Insurance Company v. Graham* (1989), Ind.App., 543 N.E.2d 676.

In accordance with a pre-appeal order and a supplemental pre-appeal order entered by the Court of Appeals pursuant to Ind.Appellate Rule 2(C)(3), the following issues are presented:

A. Whether the court erred in instructing the jury that false swearing and material misrepresentation are not a bar to recovery if not relied upon by the insurance company.

B. Whether the court erred in granting pre-judgment interest.

### A. Jury Instruction

Among its various contentions at trial, State Farm alleged that the Grahams made willful concealment and misrepresentations as to the extent of the loss and the cause and origin of the fire. Defendant's Contentions, Record at 36–7.[1] State Farm concedes that it was not deceived and did not rely upon any false representations. Pre-appeal Order, Record at 115. The insurance policy contained the following condition:

> 2. Concealment or Fraud. This entire policy shall be void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.

Record at 23. Seeking to use this condition as a basis for avoiding payment of the claim, State Farm tendered a proposed final instruction which attempted to expand the language of its condition to make the policy void if an insured "attempted to deceive," or "made an attempt to commit false swearing or material misrepresentations," even if later withdrawn or corrected. The proposed instruction was modified by the trial court and given as follows:

> If you find from a consideration of all of the evidence that Robert Graham or Carrie Graham attempted to deceive State Farm or make an attempt to commit false swearing or material misrepresentations to State Farm, but later withdrew or corrected this wrongful conduct, then this intention to deceive is sufficient to bar recovery by the plaintiffs, *if not corrected prior to reliance upon them by the insurance company.* (Emphasis added to identify trial court's modification of tendered instruction.)

■ State Farm contends that this instruction modification erroneously added the concept of "insuror reliance" to its misrepresentation provision. It argues that such an interpretation will permit or encourage an insured to exaggerate claimed

losses. We agree that the "concealment or fraud" condition does not require detrimental reliance in order to void the policy. To impose such element would render the condition moot by requiring State Farm to first pay improper claims as a precondition to its denial of the same claims on grounds of violation of the policy condition.

■ However, as used in the policy condition, the phrase "if any insured has intentionally concealed or misrepresented any material fact or circumstance" reasonably means more than momentary or inadvertent concealment or misrepresentation. Facts demonstrating a voluntary correction of error would be probative evidence on the issue of intentional concealment or misrepresentation.

We first observe that the questioned instruction does not actually require reliance by State Farm in order to bar recovery by the Grahams. Rather it establishes a final deadline, "prior to reliance," before which a misrepresentation must be withdrawn or corrected. More significantly, because State Farm's proposed instruction would have expanded the policy condition so as to void the policy upon any attempt to deceive or attempt to make material misrepresentation even if later withdrawn or corrected, it was clearly not error for the trial court to modify the instruction to more accurately reflect the meaning of the policy condition. Any error in this instruction was thus invited by State Farm and cannot now support a claim of reversible error.

### B. Pre-judgment Interest

■ Following the jury verdict, the trial court awarded pre-judgment interest from the date of State Farm's refusal to pay the claim to the date of judgment. State Farm contends on appeal that the award of pre-judgment interest was improper because the case involved significant disputes as to the amount of the claim, and because the

---

**1.** The evidence regarding the nature, extent, assertion, and correction of the alleged misrepresentations is not a part of the record on appeal, as a consequence of the pre-appeal orders. The Grahams have moved for certiorari pursuant to Ind.Appellate Rule 15(D), seeking to compel

State Farm to provide a record of any trial evidence related to the claim of misrepresentation. Because our review of the issues does not require analysis of the specific evidence, the motion is denied.

damages were not easily ascertainable in accordance with the fixed rules of evidence but instead required the jury to exercise its discretion rather than apply a simple mathematical computation.

This case did not involve a significant dispute as to the amount of the claim. None of the sixteen pre-trial Defendant's Contentions alleged any dispute regarding the extent of loss caused by the fire. Record at 36–7. Rather, State Farm's primary contention at trial was that various actions of the Grahams operated to render the policy void and that State Farm owed the Grahams no payment whatsoever. Because State Farm did not dispute the extent of the Graham's loss, this case is similar to *Town & Country Mut. Ins. Co. v. Savage* (1981), Ind.App., 421 N.E.2d 704, which found reversible error in the failure to award pre-judgment interest in a burglary insurance claim case.

In *Travelers Indem. Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, wherein this Court affirmed the award of pre-judgment interest in a case involving a claim for residential fire damage, Justice Prentice quoted with approval from *New York, etc. R. Co. v. Roper* (1911), 176 Ind. 497, 507, 96 N.E. 468:

> The true test to be applied as to whether interest should be allowed before judgment in a given case or not is, therefore, not whether the damages are unliquidated or otherwise, but whether the injury and consequent damages are complete and must be ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value, which the court or jury must follow in fixing the amount, rather than be guided by their best judgment in assessing the amount to be allowed for past as well as for future injury, or for elements that cannot be measured by any fixed standards of value.

*Armstrong*, 442 N.E.2d at 365–6. Applying this standard, we find no error in the award of pre-judgment interest.

Transfer is granted. The opinion of the Court of Appeals is vacated. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

KRAHULIK, J., dissents without opinion.