**Thomas K. HUPFER, D.P.M., Appellant–Defendant,**

v.

**Mary D. MILLER and Ernest Miller, Appellees–Plaintiffs.**

No. 82A01–0712–CV–609.

Court of Appeals of Indiana.

July 2, 2008.

Clay A. Edwards, Mark E. Hammond, O'Bryan, Brown & Toner, PLLC, Louisville, KY, Attorneys for Appellant.

Matthew Jon McGovern, Evansville, IN, Attorney for Appellees.

## OPINION

MATHIAS, Judge.

Mary D. Miller ("Miller") prevailed on a claim filed in Vanderburgh Superior Court for medical malpractice against Thomas K. Hupfer ("Hupfer"). She filed a motion for prejudgment interest, which the trial court granted. Hupfer appeals and argues that the trial court abused its discretion when it awarded prejudgment interest to Miller.

We affirm.

### Facts and Procedural History

In February 1998, Miller sought treatment from Hupfer for foot pain. As part of the treatment, Hupfer determined that surgery was necessary. After the surgery, Miller continued to have pain and tightness and was unable to move her foot in either direction. Hupfer attempted a second surgery to correct the problems, but this surgery was unsuccessful.

On October 25, 1999, Miller filed a proposed complaint with the Indiana Department of Insurance. A medical review panel determined that Hupfer failed to comply with the appropriate standard of care and that his failure to do so was a factor in Miller's damages.

On November 7, 2003, Miller filed a complaint in the trial court. Six months after the filing, Miller sent a demand letter offering to settle the case for $100,000. Hupfer did not respond to the demand.

Following a four-day trial that began on September 10, 2007, the jury returned a verdict in favor of Miller in the amount of $75,000.

Miller subsequently filed a motion for prejudgment interest. After a hearing on the motion, the trial court awarded prejudgment interest in the amount of $24,000. The trial court determined that an interest rate of 8% was appropriate. Hupfer appeals.

### Discussion and Decision

■ Hupfer argues that the trial court abused its discretion when it awarded prejudgment interest to Miller. We review a decision regarding an award of prejudgment interest for an abuse of discretion. *Harlan Sprague Dawley, Inc. v. S.E. Lab Group, Inc.,* 644 N.E.2d 615, 617 (Ind.Ct.App.1994), *trans. denied.* This review focuses on the trial court's threshold determination as to whether the facts satisfy the test for making such an award. *Id.* The decision to award prejudgment interest rests on a factual determination and this court may only consider the evidence most favorable to the judgment. *Id.*

■ We initially note that the award of prejudgment interest was made pursuant to the Tort Prejudgment Interest Statute ("TPIS"). *See* Indiana Code § 34–51–4–1 to –9 (1999). The TPIS applies to "any civil action arising out of tortious conduct." Ind.Code § 34–51–4–1 (1999). The purpose of the statute is to "encourage settlement and to compensate the plaintiff for the lost time value of money." *Johnson v. Eldridge,* 799 N.E.2d 29, 33 (Ind.Ct.App.2003), *trans. denied.* As noted by this court in *Simon Property Group, L.P. v. Brandt Construction, Inc.,* "[i]n our view, in passing this statute the legislature intended to preempt common law prejudgment interest in tort cases." 830 N.E.2d 981, 994 (Ind.Ct.App.2005). Since this case is a tort case, the TPIS applies and preempts common law prejudgment interest.

■ Hupfer first argues Miller did not comply with the TPIS. The TPIS requires that the party who filed the claim must make a written offer of settlement to the party or parties against whom the claim is filed within one year of the claim being filed in court. *See* Ind.Code § 34–51–4–6 (1999). The offer must provide for payment of the settlement offer within sixty (60) days of offer acceptance. *Id.* Finally, the amount of the offer must not exceed one and one-third (1 1/3) of the amount of the judgment awarded. *Id.* The prejudgment interest rate must fall between six percent and ten percent per year. *See* Ind.Code § 34–51–4–9 (1999).

Miller sent a letter to Hupfer dated April 13, 2005 with an offer to settle. Hupfer does not deny receiving this letter. The letter states, in relevant part:

> Please treat this letter as our qualified offer to settle the above captioned case for the amount of $100,000.00 with your client Dr. Thomas Hupfer, DPM. This offer does not intend to apply to or release in any way the patient's compensation fund. This offer is made pursuant to the IC 34–51–4–1 et[ ] seq. and requires that payment be made within (60) sixty days after this offer is accepted, should it be accepted.
>
> This offer shall remain valid for a period of (30) thirty days from and after the receipt of said offer and shall be null and void thereafter.

Appellant's App. p. 5.

Hupfer argues that the letter failed to specify the exact Plaintiff and Defendant to whom the offer applied. This argument is unavailing. The complaint filed by the Plaintiffs made no reference to Lori Hup-

fer.[1] Although her name appears on the settlement offer, she was never mentioned in any filing with the trial court. The letter was not ambiguous. The letter was written on behalf of Miller and her husband to Hupfer. The letter was from the parties who filed the action to the party against whom the claim was filed.

The settlement letter was sent to Hupfer within one year of the filing of the complaint. Miller and her husband filed the complaint against Hupfer, the only named defendant. Although the letter included Hupfer's wife as a party in the caption of the letter, the complaint never mentions Hupfer's wife nor does the rest of the letter mention Hupfer's wife. The letter purported to be an offer to settle both claims against Hupfer for $100,000. The letter clearly set forth that it was made pursuant to the TPIS statute and that payment must be made within sixty days after the offer was accepted.

Hupfer next claims the TPIS does not apply because the amount of the judgment was exactly one and one-third of the amount of the award against him. The judgment was $75,000 and the demand was $100,000. The statute does not apply if the amount of the offer *exceeds* one and one-third of the amount of the judgment. *See* Ind.Code § 34–51–4–6 (1999). Since the demand did not exceed one and one-third of the amount of the judgment, the statute applies.

Hupfer argues that because Miller reserves the right to pursue funds from the patient's compensation fund, the total amount of the demand would exceed one and one-third of the amount of the judgment. This statement merely notes that the TPIS does not apply to a claim against the patient's compensation fund since such claims are not allowed under the TPIS. *See* Ind.Code § 34–51–4–2 (1999). Therefore, the demand does not exceed one and one-third of the amount of judgment.

The TPIS states that a "court may award prejudgment interest as part of a judgment." Ind.Code § 34–51–4–7 (1999). Also, the TPIS applies to "any civil action arising out of tortious conduct." Ind.Code § 34–51–4–1 (1999). Miller complied with the requirements of the TPIS; therefore, the trial court acted within its discretion when it awarded prejudgment interest.

Hupfer finally argues that the trial court erred in awarding Miller prejudgment interest at a rate of 8%.[2] The TPIS allows a rate of interest to be determined by the trial court but that may not be less than 6% or more than 10% per year. Ind.Code § 34–51–4–9 (1999).

Hupfer would have the interest rate set with reference to the prime interest rate. However, the statute does not require this or even mention such a standard but leaves such a determination to the trial court. As such, the trial court was within its discretion to award prejudgment interest at a rate of 8%.

Affirmed.

MAY, J., and VAIDIK, J., concur.

---

1. Lori Hupfer is Thomas Hupfer's wife. She was named as a co-defendant in the proposed complaint filed with the Indiana Department of Insurance. However, she was not named in the complaint filed with the trial court.

2. Hupfer filed a motion for leave to supplement the record with evidence of the prime interest rate. We have denied Hupfer's motion by separate order since the proposed exhibit was never filed with the trial court and since its contents are irrelevant to awards under Indiana Code section 34–51–4–1 to –9.