**Margaret KOSARKO, Appellant–Plaintiff,**

v.

**William A. PADULA, Administrator of the Estate of Daniel L. Herndobler, Deceased, Appellee–Defendant.**

No. 45A03–1012–CT–668.

Court of Appeals of Indiana.

Dec. 30, 2011.

---

Adam J. Sedia, Dyer, IN, Attorney for Appellant.

Robert J. Konopa, Mark D. Kundmueller, South Bend, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Margaret Kosarko appeals the trial court's denial of her mo-

tion for prejudgment interest. We reverse and remand.

## ISSUE

Kosarko raises one issue, which we restate as: whether the trial court abused its discretion by denying her motion.

## FACTS AND PROCEDURAL HISTORY

Kosarko and Daniel L. Herndobler were involved in an auto accident. On February 17, 2007, Kosarko sued Herndobler for injuries arising out of the accident. Herndobler died while the case was pending, and William A. Padula, in his capacity as administrator of Herndobler's estate, was substituted as a defendant.

On March 18, 2008, Kosarko served Padula with a settlement offer in the amount of $100,000, payable within sixty (60) days. Padula did not accept the offer. The case was presented to a jury, and the jury returned a verdict in favor of Kosarko in the amount of $210,000.

Subsequently, Kosarko filed a motion for prejudgment interest. After a hearing, the trial court denied Kosarko's motion, concluding, "[Kosarko's] damages, as determined by the jury in this case, were not ascertainable within a time frame that justifies granting [Kosarko's] motion for prejudgment interest." Appellant's App. p. 12. This appeal followed.

## DISCUSSION AND DECISION

■ A trial court may award prejudgment interest as part of a judgment in "any civil action arising out of tortious conduct." Ind.Code § 34–51–4–1 (1998). The period during which prejudgment interest accrues may not exceed forty-eight months. Ind.Code § 34–51–4–8 (1998). Prejudgment interest is not permitted if:

(1) within one (1) year after a claim is filed in the court, or any longer period

determined by the court to be necessary upon a showing of good cause, the party who filed the claim fails to make a written offer of settlement to the party or parties against whom the claim is filed;

(2) the terms of the offer fail to provide for payment of the settlement offer within sixty (60) days after the offer is accepted; or

(3) the amount of the offer exceeds one and one-third (1 ⅓) of the amount of the judgment awarded.

Ind.Code § 34–51–4–6 (1998). The purpose of these statutes is to encourage settlement and to compensate the plaintiff for the lost time value of money. *Hupfer v. Miller*, 890 N.E.2d 7, 9 (Ind.Ct.App.2008). Prejudgment interest is recoverable not as interest but as additional damages to accomplish full compensation. *Wayne Twp. v. Lutheran Hosp. of Fort Wayne, Inc.*, 590 N.E.2d 1130, 1134 (Ind.Ct.App.1992), *trans. denied.*

■ When reviewing a ruling regarding prejudgment interest, we consider whether the ruling was an abuse of the trial court's discretion. *Johnson v. Eldridge*, 799 N.E.2d 29, 33 (Ind.Ct.App. 2003), *trans. denied.* The decision to award prejudgment interest rests on a factual determination, and this Court may only consider the evidence most favorable to the judgment. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.*

■ Here, Kosarko argues that the trial court abused its discretion by concluding that she was not entitled to prejudgment interest because her damages were not ascertainable within a set time frame. Prejudgment interest is allowable when the damages are capable of being determined by reference to some known stan-

dard, such as fair market value. *Simon Prop. Group, L.P. v. Brandt Const., Inc.*, 830 N.E.2d 981, 993 (Ind.Ct.App.2005), *trans. denied.*[1]

■ In this case, on March 18, 2008, Kosarko tendered a qualified settlement offer to Padula, offering to settle for $100,000, payable within sixty days. In September 2008, Kosarko asserted in a filing that her medical expenses were $31,410.32. On March 25, 2009, the day before Padula took the deposition of Kosarko's doctor, Kosarko turned over to Padula new medical bills and asserted that her medical expenses now totaled $72,733.58. The case was tried to a jury on March 24, 2010.

■ We find no dispute as to the amount of Kosarko's medical bills. Kosarko provided an accounting of her health care expenditures at all times during the case. As the trial court noted, Kosarko's medical bills increased as the case progressed. Nevertheless, a year elapsed from March 2009, when Kosarko notified Padula of the biggest increase in her medical bills, and the beginning of the trial in March 2010. Thus, Padula had ample opportunity to evaluate the known dollar cost of the dispute and consider settlement. There is no indication in the record before us that Kosarko's increased medical expenses were unnecessary, fraudulent, or unrelated to the automobile accident. There is also no evidence that Kosarko unduly delayed the surgery that caused the largest increase in her medical costs. Under such circumstances, "the defendant and not the plaintiff should bear the cost of the time value of money in the intervening period if the ultimate result is within the parameters set by the legislature." *Cahoon v. Cummings*, 734 N.E.2d 535, 547 (Ind.2000). The trial court abused its discretion by denying Kosarko's motion for prejudgment interest. Consequently, Kosarko is entitled to prejudgment interest in the amount of $79,627.40, which she requested in her motion.

## CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAKER, J., concurs.

MAY, J., dissenting with separate opinion.

MAY, Judge, dissenting with separate opinion.

I believe the evidence in the record, when viewed in the light most favorable to the trial court's decision, supports the trial court's specific findings and those findings support its conclusions and judgment. I must therefore respectfully dissent.

The majority's decision appears to rest solely on its rejection of the trial court's conclusion that Kosarko's damages "were not sufficiently ascertainable within a time frame that justifies granting [Kosarko's] motion for prejudgment interest." (App. at 12.) The only reason the majority pro-

1. This standard has been applied in Indiana for decades. *See N.Y., Chi. & St. Louis Rwy. Co. v. Roper*, 176 Ind. 497, 507, 96 N.E. 468, 472 (Ind.1911) (stating, "The true test to be applied as to whether interest should be allowed before judgment ... is ... whether the injury and consequent damages are complete, and must be ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value"). Kosarko argues that the common law requirement that damages must be determinable by reference to a known standard ceased to apply to tort cases when Indiana Code section 34-51-4-1 et seq. was promulgated. It is unnecessary to address this argument due to the manner in which we have resolved this appeal.

vides for rejecting that conclusion is that "Padula had ample opportunity to evaluate the known dollar cost of the dispute and consider settlement" in the year that elapsed between March 2009, when Padula found out about Kosarko's back surgery, and the trial in March 2010. *Op.* at 812–13. What the majority does not explain, however, is how Padula's opportunity in 2009 and 2010 to evaluate the then-known dollar cost of the dispute is relevant to whether Kosarko's damages were ascertainable during the thirty days in 2008 when Kosarko's Qualified Settlement Offer ("QSO") was valid.[2]

Because of the discrepancy between Kosarko's alleged costs in March 2008 and March 2009, I disagree with the majority's assertion it did not need to address whether the prejudgment interest statute eliminated the common law rule that damages have to be complete and ascertainable in order for prejudgment interest to be available. *Op.* at 813, n. 1. This is the basis on which the trial court denied Kosarko's claim, and the trial court's order included a number of findings in support thereof. The court found that, in March of 2008 when Kosarko offered to settle for $100,000, the record suggested she was claiming only "soft tissue injuries with $23,216.49 in medical expenses;" (App. at 11, fn.1), and six months later, her medical expenses had increased to only $31,410.31. However, another six months later, following back surgery, Kosarko's medical expenses had jumped to $72,733.58. On that record, the trial court was well within its discretion to find that, at the time the QSO was available, the value of Kosarko's damages could not have been ascertained. Thus, the majority could reverse only by rejecting the trial court's decision as a matter of law. And that is what the ma-

jority implicitly does—it holds that despite a more than three-fold increase in medical expenses between the expiration of the QSO and the trial date, a defendant can be punished for rejecting a settlement offer that requested damages five times the known medical expenses. I would not so hold. *See Lumbermens Mut. Cas. Co. v. Combs,* 873 N.E.2d 692, 724–25 (Ind.Ct. App.2007) (reversing award of prejudgment interest because the jury's general verdict did not permit the court to say any of the damages were "ascertainable in accordance with fixed rules of evidence and accepted standards of valuation"), *trans. denied; see also id.* at 725 n. 32 (explicitly rejecting assertion that prejudgment interest act permitted trial courts to award prejudgment interest when the amount of damage is disputed).

Neither can I agree with the majority's assertion that the circumstances here demand "the defendant and not the plaintiff should bear the cost of the time value of money." *Op.* at 813. The delay of trial from March 2009 to March 2010 was caused by Kosarko's failure to notify Padula, from early January 2009 to late March 2009, about the back surgery that caused a $50,000 increase in her medical expenses. (*See* Tr. at 14) (Judge remembers "quite clearly, because at the last minute that information was kind of dropped on [Padula's] counsel, and I said that was not appropriate. That's why we continued the case."). The Prejudgment Interest Act provides: "The court *shall exclude* from the period in which prejudgment interest accrues any period of delay that the court determines is caused by the party petitioning for prejudgment interest." Ind.Code § 34–51–4–8(b) (emphasis added). The trial court therefore could not have held Padula responsible for the time value of

---

**2.** The QSO states: "this offer to settle remains valid for thirty (30) days after receipt." (App. at 37.) The QSO was sent on March 18,

2008, and received on "3/19/08." (*Id.* at 39.) Thus it expired on April 18, 2008.

money during those months the trial was delayed by Kosarko. Nor was it *required* as a matter of law to hold Padula responsible for any remaining months between the QSO and the Judgment. *See, e.g., Whited v. Whited,* 859 N.E.2d 657, 664 (Ind.2007) (noting trial court had discretion to deny completely wife's request for prejudgment interest based on delay attributable to her).

Finally, even if I could concur with the majority's decision to reverse the trial court's denial of prejudgment interest, I could not concur with its decision to impose the $79,627.40 in pre-judgment interest Kosarko requested. Not only does that total erroneously contain interest for twelve months during which the judgment was delayed by Kosarko, but its imposition usurps the trial court's authority to exercise its discretion in determining an appropriate amount of pre-judgment interest. *See, e.g., Deel v. Deel,* 935 N.E.2d 183, 188 (Ind.Ct.App.2010) (remanding for trial court to consider request for pre-judgment interest). Permitting the trial court to determine the amount of prejudgment interest seems particularly appropriate where, as here, the legislature explicitly placed within the court's discretion the setting of multiple values necessary to compute the amount of prejudgment interest due. *See* Ind.Code 34–51–4–8 ("court shall determine the period during which prejudgment interest accrues...."); Ind. Code 34–51–4–9 (The court computes prejudgment interest based on the "simple rate of interest determined by the court," but the rate must be between six and ten percent per year.).

I would affirm the trial court's denial of Kosarko's petition for prejudgment interest and, therefore, I respectfully dissent.